QUACKENBUSH v. MAPES et al.

(Supreme Court, Appellate Division, First Department.   January 10, 1908.)

1. MORTGAGES—CONSIDERATION—SEAL.

Where a mortgage is under seal, a consideration is presumed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 30.]

2. LIMITATIONS—ACCOUNT OF ACTION—CONDITIONS PRECEDENT.

Code Civ. Proc. §§ 380, 381, provide that an action on a sealed instrument must be brought within 20 years after the cause of action has accrued.   Section 415 provides that the period of limitation must be computed from the accrual of the right of action to the time when the claim is actually interposed.   Held, that where a mortgage payable 3 years after date, with interest payable semiannually, provided that on default in

the interest the principal sum should after 30 days become due at the option of the mortgagee, and on such default the mortgagee failed to exercise his option, limitations did not commence to run until the due date of the mortgage.

3. SAME—INTEREST—INSTALLMENTS.

The statute commenced to run on the installments of interest at the time each installment became due.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 282.]

Houghton, J., dissenting.

Appeal from Special Term.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Milton A. Fowler, for appellants.
Charles N. Morgan, for respondent.

McLAUGHLIN, J. This action was brought to foreclose a mortgage for $1,900 upon certain real estate described in the complaint. The mortgage was dated June 1, 1883, and payable 3 years thereafter, with interest at 6 per cent. payable semiannually on the 1st days of June and December. Both the mortgage and the bond which it was given to secure contained a provision that, in case of default in the payment of interest, the principal sum should, after 30 days, become due and payable at the option of the mortgagee. No part of the principal or interest was ever paid, and this action was commenced on the 5th of January, 1906. The judgment from which the appeal is taken adjudges that there is due to the plaintiff the principal sum of $1,900, with interest thereon at 6 per cent. from the 1st day of June, 1883, and directs that the mortgaged premises be sold, and the proceeds, or so much thereof as may be necessary for that purpose, applied towards the payment of such sum. The judgment is attacked upon two grounds: (1) Lack of consideration for the execution of the bond and mortgage; and (2) the statute of limitations.

As to the first ground, very little need be said. The mortgage was under seal, which was presumptive evidence of a consideration, and the burden was on the defendants to overcome this presumption. Best v. Thiel, 79 N. Y. 15; Hazleton v. Webster, 20 App. Div. 177, 46 N. Y. Supp. 922, affirmed 161 N. Y. 628, 55 N. E. 1096; Von Schuckmann v. Heinrich, 93 App. Div. 278, 87 N. Y. Supp. 673, affirmed in 182 N. Y. 538, 75 N. E. 1135. This they failed to do according to the findings of the trial court, and with such findings we are entirely satisfied. The evidence submitted was meager, and imported the existence of consideration quite as much as the lack of it.

As to the second claim, that the action is barred by the statute of limitations, an interesting question is presented. Default was made in the payment of interest on the 1st day of December, 1883, and in accordance with the terms of the bond and mortgage the mortgagee had the option to declare the whole debt due and payable 30 days after de-

fault occurred. This action was not brought until the 5th of January, 1906, more than 20 years after the mortgagee could have declared the principal sum due. His failure, therefore, to declare the whole sum due, makes it necessary to determine the effect of this clause in the mortgage. The Code of Civil Procedure provides (sections 380 and 381) that an action upon a sealed instrument must be commenced within 20 years after the cause of action has accrued, and that the period of limitation must be computed from the time of the accruing of the right to relief by action to the time when the claim to that relief is actually interposed (section 415).

The appellants contend that the right to commence this action accrued to the plaintiff 30 days after the 1st of December, 1883, and that, since more than 20 years have elapsed between that time and the time the action was commenced, the right to maintain the action was barred by the statute of limitations. What effect the statute of limitations has on a clause of this character in a bond and mortgage has not, so far as I have been able to discover, been determined in this state. It has to some extent been determined in some of the other states; but the decisions are conflicting and a review of them, in view of the peculiar wording of our own statutes, would throw little light on the question here to be determined. It is unquestionably true that the mortgagee might have commenced an action to foreclose the mortgage on January 1, 1884, and by reason of that fact it is urged that, under the provisions of the Code before cited, the statute then commenced to run; but I do not think this is a proper or correct construction to be placed upon those provisions. The date at which the mortgage matured was expressly fixed as the 1st day of June, 1886. Upon default in the payment of interest, the principal sum became due and payable only at the option of the mortgagees. Until he declared the principal sum due, or instituted proceedings to recover the same, the time for payment remained the time fixed in the bond and mortgage, and the mortgagor could not compel him to accept payment in advance of that time. If the mortgagee did not see fit to exercise his option, the statute of limitations did not commence to run, so far as the principal debt was concerned, until the date specified in the mortgage. Jones on Mortgages (6th Ed.) §§ 1182, 1183a, 1210; Thomas on Mortgages (2d Ed.) § 229; Richardson v. Warner (C. C.) 28 Fed. 343; Keene Five Cent Sav. Bk. v. Reid, 123 Fed. 221, 59 C. C. A. 225; Moline Plow Co. v. Webb, 141 U. S. 616, 12 Sup. Ct. 100, 35 L. Ed. 879.

In the case last cited action was brought on certain promissory notes payment of which was secured by a deed of trust which provided that, in case of default in the payment of interest for 90 days, the whole debt should become due, and that, if the first note remained unpaid for 6 months after it became due, then "the whole debt is to be and become due and payable, and this trust in either event to be executed and foreclosed at the option of said third party," the payee of the notes. In an action to recover upon the notes the statute of limitations was pleaded as a defense, and it was urged there, as here, that the statute began to run from the time when the plaintiff could have brought the action. Mr. Justice Harlan, in delivering the opinion of the court, referring to this claim, said:

"In our judgment the parties intended to give the holder of the notes an option, after default in the payment of interest, not only to declare the principal due, but to foreclose the deed of trust, in advance of the dates of maturity named in the notes and deed. That option not having been exercised when or after the several defaults occurred, limitation began to run on the several notes only from their respective dates of maturity as specified in them."

The appellants also contend that the statute begins to run when the right to make the demand is complete. But there is no basis for the contention. Here a time was fixed for payment, and the mortgagee had an absolute right to wait until that time arrived before demanding payment, and the mortgagor could not compel him to accept payment in advance. Until he exercised his option, either by making a demand or by commencing an action, his right to maintain an action was not complete. Not only this, but the clause was inserted in the bond and mortgage for the sole benefit of the mortgagee. The mortgagor could not compel him to accept payment after a default, and it would be an inequitable and unjust rule to permit a mortgagor by his own default to restrict in any way the rights of the mortgagee. If he could, then by simply refusing to carry out his contract he could compel the mortgagee to accept payment before the time expressly stipulated in the mortgage. This is not what the parties intended by the language used, and I do not think a fair construction of the statute accomplishes such result.

As regards the interest, a somewhat different and much more serious question is presented. By the terms of the bond and mortgage, as we have already seen, the interest was payable semiannually on the 1st days of June and December in each year. When these installments of interest became due, the mortgagee could have maintained an action to recover them if not paid. Such an action, in my opinion, would be subject to the 20-year period of limitation, since the promise to pay was under seal. This being so, it becomes necessary to determine whether these installments of interest, although they became due and payable prior to the maturity of the bond and mortgage, nevertheless can be recovered any time before an action on the bond and mortgage is barred. The interest thus payable at fixed times is, as it seems to me, analogous in the legal aspects to the interest upon a bond to which separate coupons for the interest are attached. It has been held, both in this state and in the federal courts, that such coupons partake of the nature of the bond, and, while in a sense they may become independent instruments, they are governed by the same statute of limitations as the bond itself. McClelland v. Norfolk Southern R. R. Co., 110 N. Y. 469, 18 N. E. 237, 1 L. R. A. 299, 6 Am. St. Rep. 397; Bailey v. County of Buchanan, 115 N. Y. 297, 22 N. E. 155, 6 L. R. A. 562; Kelly v. Forty-Second St. R. R. Co., 37 App. Div. 500, 55 N. Y. Supp. 1096; City v. Lamson, 9 Wall. (U. S.) 477, 19 L. Ed. 725; City of Lexington v. Butler, 14 Wall. (U. S.) 282, 20 L. Ed. 809; Clark v. Iowa City, 20 Wall. (U. S.) 583, 22 L. Ed. 427.

The case last cited throws much light on the question, because the court there took occasion to explain its two former decisions, cited above, as holding, not that the coupons would not be barred until the

bonds themselves were barred, but simply that the same statutory period of limitation applied. Mr. Justice Field, in his opinion, says:

"It is evident, from this examination of the cases cited, that it was not the intention of the court to decide that an action upon a coupon detached from the bond, and negotiated to other parties, was not subject to the same limitations as an action upon the bond itself, much less to hold that the coupons remained a valid and existing cause of action, not only for the period prescribed for actions on the bond after its maturity, but for the additional period intervening between the maturity of the coupon and the maturity of the bond, however great that might be. The question before the court in those cases was only whether the time the statute ran against the coupons was the longest or shortest period, * * * and the court held that the statute ran for the longest period, because the coupons partook of the nature of the bond and the statute ran for that period as to them."

The same view was subsequently expressed in Amy v. Dubuque, 98 U. S. 470, 25 L. Ed. 228, where a 10-year period of limitation was under consideration. Mr. Justice Harlan said:

"It seems from these authorities to be the settled law of Iowa (1) that where interest is, by contract, made payable at stated times, an action may be maintained therefor in advance of the maturity of the principal debt; * * * (2) that within the meaning of the Iowa statute of limitations the cause of action accrues when suit may be commenced for the breach of such contract. * * * This action is, beyond question, founded upon written contracts. The coupons in suit matured more than 10 years prior to its commencement. Upon the nonpayment at maturity of each coupon, the holder had a complete cause of action. In other words, he might have instituted his action to recover the amount thereof at their respective maturities. From that date, therefore, the statute commenced to run against them. The premises conceded, as they must be, there is no escape from the conclusion stated."

It was also held that the same rule applied, even if the coupons had never been severed from the bond.

In the decisions cited from this state what was actually held was simply that coupons were not barred before 20 years after their maturity, being governed by the same limitation period as the bond; and, while there are some expressions to support the claim that such coupons would not be barred until the bond was, that was not what was decided, nor do I think such a position taken or intended to be. Thus, in Bailey v. County of Buchanan, supra, it was said, regarding the coupons:

"They are secured by the same mortgage, and, although unsealed, are specialties like the bonds, and are governed by the same statute of limitations which is applicable to the bond."

And in Kelly v. Forty-Second St. R. R. Co., supra, it was said:

"As the bonds are under seal, the holder of the coupons was entitled to 20 years after they became due before his claim would be barred by the statute."

The obligation to pay interest at stated times is precisely the same, whether evidenced by coupons attached to the bonds or not, or by the bond itself. The language used and the reasoning adopted in the authorities cited are as applicable to one case as to the other. It is true the obligation to pay interest is merely an incident to the principal debt; but where the time is specified for the payment of interest a separate action may be maintained to recover it. The condition of the bond and mortgage here under consideration was the payment of

a fixed sum at a fixed time, with interest at fixed times, and five installments of interest thus became due and payable more than 20 years before this action was commenced. As to this interest the plaintiff has had more than 20 years in which to bring his action, and the statute prevents his recovering the same. He could not, at the time this action was commenced, have brought an independent action for this interest, and to permit him to recover it in this action, upon the same instrument and the same promise, is repugnant to reason and contrary to the express provisions of the Code.

I am of the opinion the judgment appealed from should be modified, so as to permit a recovery for only $1,900 and interest thereon from the 1st day of December, 1885, and, as thus modified, should be affirmed, without costs in this court to either party.

PATTERSON, P. J., and INGRAHAM and CLARKE, JJ., concur.

HOUGHTON, J. (dissenting). I think this judgment should be affirmed without modification. No question of coupons, or separate and independent contract as to interest represented by them, is involved. An ordinary bond and mortgage is the subject of the action. In my opinion the statute of limitations did not begin to run on the installments of interest until the bond itself was due. If the rule enunciated in the prevailing opinion be correct, annual installments of interest on a 50-year bond, not represented by independent coupons, could be recovered for only 20 years, although 50 years' interest was unpaid and the bond only presently due. The holder of an obligation may insist upon payment of his interest when due, or he may let it accumulate. Frequently ordinary notes provide for payment of interest annually for a term of years. The effect of the rule would be to prevent recovery of interest on such notes for more than 6 years prior to bringing the action. Although agreement be made as to time of payment of interest, still the interest remains an incident of the debt itself, and it should be controlled by the limitation prescribed for the principal obligation. Such is the holding in Massachusetts (Ferry v. Ferry, 2 Cush. 92) and in Vermont (Grafton Bank v. Doe, 19 Vt. 463, 47 Am. Dec. 697), and it impresses me as sound. The present action was brought upon the bond before it outlawed, and I think the plaintiff was entitled to recover all the unpaid interest thereon, whether the same was payable more than 20 years prior or not.

I therefore vote to affirm the judgment.

═══════════

QUACKENBUSH v. MAPES et al.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

Appeal from Special Term.

Action by Abraham Quackenbush against Daniel Mapes, Jr., and others. From the judgment (54 Misc. Rep. 124, 105 N. Y. Supp. 654), defendants appeal. Modified, and, as modified, affirmed.