THEODORE MICHAELS, Plaintiff, *v.* CHARLES FLACH, as Sole Executor of the Last Will and Testament of CHRISTOPHER KIENZLE, Deceased, Defendant.

(Supreme Court, Kings Trial Term, January, 1921.)

Parent and child — father cannot be released by separation agreement with wife from obligation to support his infant child — executors and administrators — claim against decedent's estate for support of an infant — accounting — Code Civ. Pro. §§ 2680, 2681.

The father of an infant is primarily liable for its maintenance, and even though by the terms of a separation agreement the mother assumes liability for the infant's maintenance, during her life, the obligation of the father continues after the death of the mother until the child becomes of age.

**15**

# 226

Supreme Court, January, 1921.     [Vol. 114.

A separation agreement in terms released the father from all claims for the support and maintenance of his infant son during the mother's life. At her death the son went to live with his uncle who, after diligent search, was unable to locate the father. The father's will made no provision for the child who is still a minor. The uncle presented to the executor of the father's estate a duly verified proof of claim for the maintenance, education and support of the infant son for the six years next succeeding the death of his mother. No notice was taken of the claim except by reference in the account of the executor, filed nearly a year after the presentation of the claim. Prior to the institution of a proceeding for the judicial settlement of the accounts of the executor, to which the uncle was not made a party nor included as a creditor of the estate, an action to recover the amount of the claim so presented was brought by the uncle on the theory that the debt sued on was based upon a claim or debt against defendant's testator as provided by sections 2680 and 2681 of the Code of Civil Procedure and the separation agreement was pleaded in bar. It appeared that no part of the money given by the father to the mother for the support of herself and child, at the making of the separation agreement, remained unexpended at the death of the mother who did not leave sufficient funds to bury her. *Held,* that the separation agreement did not release the father from the payment of plaintiff's claim, was not a bar to the action and that the plaintiff was entitled to judgment for the full amount claimed, with interest from the date of grant of letters testamentary.

ACTION upon contract.

Patrick J. O'Beirne, for plaintiff.

Halbert & Quist, for defendant.

FAWCETT, J.   This is an action brought by the plaintiff to recover the sum of $2,218 on an implied agreement to pay for the maintenance, education and support of John C. Kienzle, the infant son of the defendant's testator, from the time said infant son was nine years of age, when his mother, Evelyn Kienzle, died, up to his sixteenth year. The agreed statement of facts submitted for decision follows:

The plaintiff for the period of time mentioned in the complaint had control and custody of the infant son of the testator and supplied the necessaries alleged therein, and the amount charged for the maintenance of the infant, to wit, $2,218 was reasonable. That on May 31, 1904, the father and mother of the child executed a separation agreement in the 3d paragraph of which it was agreed that for the sum of $4,028 paid to the mother, the mother released the father from all claims for support and maintenance of the child during her natural life and it was further agreed that the wife should retain her dower interest in the premises at No. 101 North Ninth street, Brooklyn, until the father should sell the same and that upon the sale the father should pay to the general guardian of the infant a sum equal to one-third of the purchase price, which should be in lieu of dower and said sum to be used for the maintenance and support of the infant during his minority. That upon the said separation, the infant, being then two years of age, went to live with his mother and lived with her until her death on November 9, 1911, when he was nine years of age. He then went to live with his uncle, the plaintiff, who made diligent search for the father of the child without success, and then resided with the uncle up to the present time. The defendant's testator, the father of the child, died December 21, 1917, in Queens county, leaving a will dated June 11, 1914, which was duly probated and letters testamentary were issued to the defendant executor on August 9, 1918, which will made no provision for his child. The estate of the decedent amounted to $19,342.94 of which $3,750 represents the proceeds of the sale of the premises at 101 North Ninth street, Brooklyn, by the executor in December, 1919. A verified proof of claim was duly served upon the defendant on June 14, 1919, for

the sum of $2,218, but said claim was neither paid nor rejected and no notice was taken of it until it was referred to in Schedule G of the account filed March 16, 1920. The action upon said claim was brought by the service of a summons and complaint on the defendant on January 3, 1920, and the defendant's answer set up the separation agreement as a bar. The defendant filed his petition and account for a judicial settlement by the Surrogate's Court of Queens county on March 16, 1920, but did not make the plaintiff a party to said accounting, and no notice of said accounting was served upon the plaintiff up to the date of the trial of this action. The said petition did not recognize the plaintiff as a creditor of the estate although it provided that all creditors should be set forth in Schedule D of the account as filed, and it did not contain the name of the plaintiff as a creditor although his claim had been served on June 14, 1919, and it distinctly stated that there were no creditors. Schedule G of the account merely referred to the action now pending between the plaintiff and the defendant without stating whether the claim was accepted or rejected. It simply stated that the said '' action is now awaiting trial.'' While the verified petition in the accounting proceedings states that a notice for creditors to present claims was duly published pursuant to an order of the Surrogate's Court of Queens county and that all claims presented had been duly adjusted and paid, the verified account accompanying the petition and filed on the same day with the petition, March 16, 1920, specifically struck out the allegation of a due and proper advertisement for the presentation of claims by the creditors as required by section 2677 of the Code.

The parties waived the determination of the jury on the facts and defendant moved to dismiss the com-

plaint and for the direction of a verdict upon the grounds that the complaint does not constitute a cause of action; that the Surrogate's Court has exclusive jurisdiction and that the separation agreement for the consideration named ' therein released the father from all claims such as that sued upon.

The theory of the complaint is that the debt sued upon was based upon a claim or debt against the deceased as provided for in article 2, sections 2680 and 2681 of the Code of Civil Procedure. The responsibility for the support of the infant son after the death of the mother created an obligation which rested upon the decedent during the period from the decease of his wife until the child attained his majority. The liability for the maintenance of the child was imposed primarily upon the father and even though the mother assumed to maintain the said infant during her lifetime under the terms of the separation agreement, the obligation continued against the father after the decease of the mother at which time the child was but nine years old, and it continued until he becomes of age. The law raises an implied promise to pay where services are necessary for the child, although rendered without actual request of the parent. The complaint alleges and it is conceded that upon the death of the mother a diligent search was made by the plaintiff for the father of the boy, but he could not be located. This obviates the necessity of an actual demand. The father abandoned the child as he never communicated with him from the time of the separation agreement, nor inquired as to his whereabouts at any time before or after the death of the mother and wholly failed to provide for the support of the infant son after the death of the mother, which was an omission to the prejudice of the infant by the father who was under

Supreme Court, January, 1921.          [Vol. 114.

an obligation to support his son. The complaint, therefore, constitutes a cause of action.

Plaintiff's proof of claim was duly served on June 14, 1919, and although the executor did not file his petition and account until March 16, 1920, he did not either accept or reject the claim, nor did he take any action whatsoever upon it. Section 2681 of the Code deprives a claimant of the right of action in the Supreme Court only where the executor fulfills the duty imposed upon him in this section, by rejecting the claim and serving notice of rejection. Former section 1822 of the Code and section 2681 which has superseded it are highly penal and drastic statutes and should be strictly construed. A surrogate can exercise only such jurisdiction as has been specially conferred by statute, together with those incidental powers which may be requisite to effectually carry out the jurisdiction actually granted. Those claiming under the order or decree of the surrogate must show affirmatively his authority to make it and the facts which give him jurisdiction. Previous to the amendment of section 1822 by chapter 595 of the Laws of 1895, a surrogate had no jurisdiction to hear and determine a rejected or disputed claim against the estate of a decedent and since that act went into effect the courts have insisted that only by a strict compliance with the provisions of the law could there be any jurisdiction of the surrogate over a disputed claim. *Matter of Martin,* 211 N. Y. 328. The legislature did not change the remedy of a claimant where there was no outright rejection by the executor and neither the plaintiff's nor the defendant's substantive rights were affected thereby. *Carpenter* v. *Newland,* 92 Misc. Rep. 596. The statute expressly reserves the right of a claimant to bring an action where no rejection has been made or served. There was no rejection in this case; on the contrary

the executor by his silence and failure to acknowledge the claim in any way from the time of the service of the claim June 14, 1919, left the claimant under the belief that the claim might be admitted and paid. In the accounting filed on March 16, 1920, by the executor, he sets forth in Schedule G that the action for the collection of the claim in the Supreme Court is then pending and that the accounting proceeding is awaiting the determination of that suit, but he does not include the plaintiff as a creditor in either the petition or the account and does not make him a party to the proceeding. Section 2680 does not apply because it relates to claims admitted and allowed by the executor. It is only by a rejection of the claim under section 2681 of the Code that a claimant is compelled to either bring an action within three months or submit his claim to the Surrogate's Court in the accounting proceeding. Unless the claim is rejected by the executor the claimant has an absolute right to bring an action in the Supreme Court and its jurisdiction is beyond question. The claim of the defendant that this court is without jurisdiction under sections 2680 and 2681 of the Code, is untenable.

The release given by Evelyn Kienzle to her husband, Christopher Kienzle, and set forth in the 3d paragraph of the separation agreement, provided that the amount paid to the mother was for the support, maintenance and education of the infant during her natural life. Even if it be maintained that by a strict interpretation of the language of this paragraph of the said agreement it also purported to release the father from the obligation to maintain and support the child after the death of the mother, it was clearly beyond the power of the mother to make any binding agreement releasing the father from the support and maintenance of the child after the death of the mother as the law

cast that responsibility upon the father up to the infant's majority. The provisions of the 4th paragraph of the said separation agreement did not release the father from the support of the child beyond the lifetime of the mother, even though it specifically provides that the wife should retain her dower interest in the premises at No. 101 North Ninth street. The dower interest of Evelyn Kienzle in the said premises ceased with her death on November 9, 1911. The one-third of the purchase price on the sale of the said premises by the father would be equivalent to the value of the said dower and therefore there was no consideration paid by the father under this 4th paragraph of the agreement, and in view of the fact that the property was not sold by the father during his lifetime this part of the agreement was never effectuated. The sum of $4,028 given by the father to the mother on May 31, 1904, for the support of herself and their child, was evidently all expended at the time of the mother's death on November 9, 1911, as it appears in the affidavit of the plaintiff that the mother did not leave sufficient funds to bury her. Hence the support of the infant after the death of the mother could not be paid out of her estate since there was no part of the specific sum of $4,028 given by the father to the mother at the time of making the separation agreement remaining unexpended at her death. The obligation rests upon the father to support his own infant son, even though the infant has an estate of his own. *Goodman* v. *Alexander,* 165 N. Y. 289; *Murphy* v. *Holmes,* 87 App. Div. 369. The separation agreement did not release the father from plaintiff's claim and it is not a bar to this action. Judgment for plaintiff for $2,218 with interest from June 10, 1918, and costs.

Judgment for plaintiff.