In the Matter of the Claim of FRED DAWSON, Respondent, *v.* FANNIE KELLY, as Executrix, etc., of ANDREW DAVIS, Deceased, Appellant.

Fourth Department, March 29, 1922.

**Executors and administrators — claim against estate of decedent rejected by executrix — claimant entitled under Code of Civil Procedure, § 2727 (Surrogate's Court Act, § 259), to ask for accounting and have claim determined thereon.**

A person having a claim against the estate of a decedent which is rejected by the executrix is a creditor or person interested in the estate, within the meaning of section 2727 of the Code of Civil Procedure (Surrogate's Court Act, § 259), and is entitled, after more than a year has elapsed since the issuance of the letters testamentary and previous to any accounting, to institute a proceeding for a judicial settlement and payment of his claim, and on the judicial settlement the Surrogate's Court may determine the amount of the claim.

APPEAL by the defendant, Fannie Kelly, from a decree of the Surrogate's Court of the county of Chautauqua in favor of the claimant, entered in the office of said Surrogate's Court on the 13th day of October, 1921.

*John Griffin,* for the appellant.

*Robert H. Jackson* and *Eleazer Green,* for the respondent.

SEARS, J.:

After the probate of the will of Andrew Davis, and the issuance of letters testamentary to the appellant, as executrix, the respondent filed with the executrix a claim for $10,000 against the estate. The claim was promptly rejected by the executrix, and after more than a year had elapsed since the letters testamentary had been issued, and previous to any accounting on the part of the executrix, the claimant presented a petition to the Surrogate's Court praying that the executrix be cited to show cause why she should not render her final accounting and pay the petitioner's claim. The executrix answered the petition and denied the validity of the respondent's claim, and the surrogate heard the respective parties upon the issue thus raised, and found in favor of the claimant, allowing his claim at the sum of $2,400, and directed the executrix to file her account within thirty days, and provided that if the executrix should not  file her account within thirty days, the claimant should have execution, and allowed costs.

The appellant now contends that the Surrogate's Court was without jurisdiction to determine the claim; that it is the privilege of such a claimant, upon his claim being rejected, to establish his claim in an action at law against the executor or administrator, and unless the claim is so established, the claimant is not a creditor

or person interested in the estate within the meaning of section 2727 of the Code of Civil Procedure (Surrogate's Court Act, § 259). This contention overlooks the definitions of " debts," " creditor " and " persons interested " contained in section 2768 of the Code of Civil Procedure (Surrogate's Court Act, § 314).

Since the enactment of these statutory definitions, a claimant whose claim has been rejected is unquestionably entitled to institute a proceeding for a judicial settlement as was done by the claimant in this case. (*Clark* v. *Scovill,* 191 N. Y. 8.)

I am also of the opinion that the evidence was sufficient to warrant the surrogate in allowing the claim of the respondent as the decree provided.

The decree appealed from should be affirmed, with costs.

All concur.

Decree affirmed, with costs.