ALEXANDER K. MOORE, Appellant, v. MARGARET HUMBERT, as Administratrix of the Estate of DYTON P. BARCLAY, Deceased, Respondent.— Order reversed on the law, with ten dollars costs and disbursements and matter remitted to the Special Term with directions to proceed in accordance with the memorandum. Memorandum: The motion to dismiss the complaint was granted on the ground that there is a proceeding pending in Surrogate's Court between the same

parties concerning the same subject matter. While the filing of the claim initiated the jurisdiction of the Surrogate's Court, such jurisdiction is subject to the right of the claimant to sue in Supreme Court within the time limited in section 211 of the Surrogate's Court Act. It does not appear here that the claimant has selected the Surrogate's Court as a forum in which to litigate his claim or that he has waived his right to bring action as provided in section 211 of the Surrogate's Court Act. If the plaintiff brought the Supreme Court action within the time limited in section 211 of the Surrogate's Court Act, the complaint should not have been dismissed. The order appealed from should, therefore, be reversed and the matter remitted to the Special Term to determine whether the notice of rejection was properly served and whether the Supreme Court action was commenced within the time limited in section 211 of the Surrogate's Court Act. (*Matter of Barclay,* 266 App. Div. 1059.) All concur. (The order dismisses the complaint on motion of defendant on the ground that there is a prior action pending between the parties and for the same cause of action.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.