ARKPORT STATE BANK, Respondent, *v.* JENNIE L. NUTTER, as Executrix of OREN C. NUTTER, Deceased, Appellant.

Fourth Department, July 11, 1951.

*Acton M. Hill* and *Vedo M. Candiello* for appellant.

*John W. Hollis* and *Nicholas J. Changose* for respondent.

KIMBALL, J. The plaintiff brought an action upon a promissory note made by defendant's testator. A so-called claim had been presented to the executrix in the form of an affidavit stating " balance unpaid on note of $517. and several years interest." No copy of any note was attached to the claim affidavit nor anything to show the date of the note, the amount for which it was made nor the payments of principal or interest thereon. This affidavit was the only claim ever served upon the executrix. The complaint alleged a demand note dated January 23, 1929, for $12,500 and that on or about June 16, 1949, the claim was " duly denied " by the executrix and payment refused. Recovery was demanded for $7,174.90 with interest from June 12, 1949. The plaintiff served a bill of particulars which had attached thereto a copy of a $12,500 note dated January 23, 1929, and which showed payments of principal and interest. The answer set up that the testator did not owe to exceed $517 for which claim had been filed and which had been allowed by the defendant in a judicial accounting proceeding in Surrogate's Court. For a separate defense, the answer set up the six-year Statute of Limitations. This defense raised the question as to whether the plaintiff was entitled to recover interest beyond six years. The principal was not outlawed. The terms of the note, therefore, became important in order to determine whether each installment of interest became an independent obligation. (See *Quackenbush* v. *Mapes,* 123 App. Div. 242; *Heburn* v. *Reynolds,* 73 Misc. 73; *True* v. *Brainard,* 134 Misc. 70, and 36 Corn. L. Q., 108–124.)·

When the case came on for trial, the plaintiff offered in evidence a different note than the one alleged in the complaint and set forth in the bill of particulars. It was a demand note for $12,500 but bore the date of January 3, 1929, and was entirely dissimilar in its terms regarding interest, acceleration and other things. Over defendant's objection this note of January 3, 1929, was received. There was no motion to amend the complaint. The receipt in evidence of this note was error. The defendant had based her defense upon the note alleged in the complaint and set out in the bill of particulars. The difference in the terms of the two notes could be the deciding factor as to whether the plaintiff might recover more than six years' interest. That question need not be decided here.

It appears that the defendant commenced a proceeding in Surrogate's Court for a final judicial settlement. This was returnable on June 22, 1949. We do not have in this record the petition and citation. The defendant at the time, however, objected to the jurisdiction of the court, evidently on the ground that the citation was not properly served upon the plaintiff. In spite of the allegation of the complaint that the claim was rejected or "denied" by the executrix on June 16, 1949, there is nothing whatever in the record to substantiate that allegation. In fact, no written rejection was ever made prior to the return day of the citation. We do not have before us what was said before the Surrogate on June 22, 1949, nor do we have any determination of the Surrogate on the objection to jurisdiction. We do have the record of the Surrogate's Court in regard to the disposition of the matter on that day. It is as follows: "Mr. Changose [attorney for plaintiff] is to file an amended claim with itemized statement. Mr. Candiello [attorney for defendant] to get supplemental citations returnable July 27th. Ten days to file amended claim, matter adjourned to July 27th, Hornell. Sent supplemental citation to Candiello. Approved G. W. Pratt, Surrogate." When plaintiff's attorney was examined on the trial, he admitted that the Surrogate suggested a supplemental citation and when asked if he had stated he would file an amended claim for the bank, he said "At one time I believe I did."

In accordance with the Surrogate's disposition on June 22, 1949, a supplemental citation was issued, returnable on July 27, 1949, at Hornell. On this citation was typed at the end: "Arkport Bank claim allowed at $517.00 only." This citation was served on the plaintiff. Prior to the return day of the supplemental citation and on July 12, 1949, this action was commenced. The plaintiff takes the position that the notation on the supplemental citation was a rejection of the claim. We view it only as an admission that the executrix did not question the principal amount of the claim of $517. Upon the accounting, it was incumbent upon the bank to show what interest it was entitled to upon production of whatever note it was claiming under and the records of payments of principal and interest. At the time of the service of the supplemental citation, no note had been produced. All the executrix knew at that time was that there was a claim for "balance unpaid on note of $517 and several years interest." No claim was ever filed with the executrix for $7,174.90 on a note of either January 3, 1929 or January 23, 1929 and no such claim was ever allowed or rejected by the executrix.

The court granted plaintiff's motion for a directed verdict in the amount of $7,192.48. The question of whether there had been a valid rejection of the only claim ever presented for $517 and interest was one of fact to be determined on the trial. In the absence of such rejection of the claim sued upon, the Supreme Court had no jurisdiction. (Surrogate's Ct. Act, § 211; *Matter of Barclay*, 266 App. Div. 1059; *Moore* v. *Humbert*, 268 App. Div. 813.) It is our opinion that there was insufficient proof of the rejection of the claim sued upon and that the notation on the supplemental citation did not amount to an unequivocal rejection of the claim for $517 and interest which was presented to the executrix.

The judgment should be reversed. A new trial would avail nothing without amendment of the complaint to allege the specific note upon which the plaintiff seeks to recover. Moreover, there appears to have been no rejection by the executrix of any claim filed with her. But more than this, we think the Surrogate's Court did not at any time lose jurisdiction to hear and determine the claim. The record of the Surrogate's Court on June 22, 1949, and the testimony of the plaintiff's attorney clearly shows that, at that time, the parties stipulated two things. The first was that a supplemental citation issue to cure the objection to jurisdiction and the second that the bank serve an amended claim in ten days. The executrix carried out her part of the stipulation and a supplemental citation was issued returnable July 27, 1949. The bank, however, repudiated the stipulation and commenced action on July 12, 1949. The bank has not asked to be relieved of its stipulation in open court and should be held to it. The appellant executrix moved for a dismissal of the complaint both at the close of plaintiff's case and again at the close of the whole case '' upon all the evidence in the case.'' An exception was taken to the court's direction of a verdict in favor of the plaintiff. A motion was made to set aside the verdict upon the Judge's minutes and for a new trial under section 549 of the Civil Practice Act. The complaint should have been dismissed on the ground that there was no jurisdiction in the court to hear the case. The Surrogate's Court had not lost jurisdiction to hear and determine the claim or any amended claim permitted by the stipulation to be filed. The parties should be remitted to Surrogate's Court there to proceed in accordance with their stipulation. If an amended claim is duly presented and duly rejected, the plaintiff may proceed under section 211 of the Surrogate's Court Act, as amended, as it may be advised.

The judgment and order should be reversed on the law and facts, with costs, and the complaint should be dismissed, with costs.

All concur, TAYLOR, P. J., not voting. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and PIPER, JJ.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.