KATE BRALOFF, Respondent, v. HERBERT S. GREENBERG et al., as Executors of HERMAN M. BRALOFF, Deceased, Appellants, et al., Defendant.— The action against the estate is based upon an alleged agreement between the respondent and the decedent, pursuant to which the respondent gave up her career and home and took care of the decedent and his mother, upon a promise of payment for services and reimbursement for moneys advanced by her in the operation of decedent's household. The appellants, as executors, appeal from an order denying their motion for judgment on the pleadings or, in the alternative, for total or partial summary judgment based on the first defense and the first partial defense. Order modified on the law, by striking out the decretal paragraph and by substituting therefor a provision granting summary judgment to appellants, dismissing the complaint, and denying the motion in all other respects. As so modified, order affirmed, with $10 costs and disbursements to appellants. Prior to the commencement of the action, respondent filed a proof of claim in the form of an affidavit, claiming compensation for her services pursuant to an alleged agreement. After the claim was rejected, respondent filed an amended proof of claim in affidavit form, which was also rejected. In both notices, the same amount was claimed. In the first notice, the amount of $25,000 a year was claimed as the reasonable value of her services, pursuant to an alleged agreement of compensation for services. In the amended notice there was a claim of $13,000 a year for moneys advanced for household expenses plus $12,000 a year as the reasonable value of her services. This action was commenced more than three months after the rejection of the first notice of claim but within three months after the rejection of the amended notice of claim. Section 211 of the Surrogate's Court Act, pleaded as a complete and as a partial defense, bars an action in the Supreme Court after a claim has been rejected by the executors unless the action on the claim is commenced within three months after the rejection. If an action is not timely commenced, the " claim shall be tried and determined upon the judicial settlement." This short Statute of Limitations " is aimed at the expeditious settlement of estates " (4 Jessup-Redfield, Surrogates' Law and Practice [Rev. ed.], § 3212). To start the statute running, two things are necessary: (1) a clear and decisive demand, and (2) a rejection of the claim. (Diehl v. Becker, 227 N. Y. 318.) The jurisdiction of the Supreme Court is subject to this short statute. (Arkport

*State Bank* v. *Nutter,* 278 App. Div. 538, 542; *Matter of Barclay,* 266 App. Div. 1059.) Anything that respondent could properly have recovered on the amended notice, she could have recovered pursuant to the first notice, upon the judicial settlement. (*Matter of Kouwenhoven,* 255 App. Div. 810; *Titus* v. *Poole,* 145 N. Y. 414.) Respondent's failure to commence action within three months after the rejection of the first notice of claim bars this action. (*Titus* v. *Poole, supra.*) Therefore, even though the complaint and bill of particulars can be construed as alleging a cause of action on *quantum meruit,* the appellants were entitled to a dismissal of the complaint. This determination does not prejudice respondent's right to assert her claim upon the judicial settlement. Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.