Frank A. Gulotta, J.
This is an action to foreclose a mortgage on real property wherein the only defendant who appeared is the mortgagor who has interposed a defense (1) that the bond and mortgage were given without consideration, and (2) that the action is barred by the six-year Statute of Limitations. He has also counterclaimed under article 15 of the Beal Property Law, asking that the mortgage be cancelled of record as being a cloud upon title.
The bond and mortgage are dated November 18, 1949, and provide that the sum of $6,050 shall be “ paid in installments as follows: $125.00 on the 16th day of December 1949, and $125.00 on the 16th day of January 1950, and thereafter in monthly installments of $150.00 each on the 16th day of each and every month until said principal sum of Six Thousand Fifty ($6,050) Dollars, together with interest thereon computed at the rate of 3%% per annum on all unpaid balances of principal and to be payable together with and in addition to said installments of principal, is fully paid and satisfied
The mortgage further provides “ that the whole of said principal sum and interest shall become due at the option of the mortgagees: after default in the payment of any installment of principal when due or of interest for thirty days ’
*675 As to defendant’s first contention, since the mortgage which is the subject matter of this action was given to secure the balance due on a prior existing mortgage, which was satisfied, the defense of no consideration requires no further discussion.
With respect to the second defense, defendant relies upon the .fact that no part of the principal or interest was ever paid; that the first default occurred on December 16,1949; that service of the summons and complaint was made upon him on June 8, 1956, and that therefore this action is barred by the six-year Statute of Limitations (Civ. Prac. Act, § 47-a). To combat this, plaintiffs have offered testimony tending to show a partial payment by defendant on November 11, 1950, and contend that pursuant to section 59 of the Civil Practice Act and the case law of this State, the statute has been tolled by virtue thereof.
The nature of plaintiffs’ proof in this regard is somewhat novel. It appears that the plaintiffs’ testator who was the original mortgagee herein, died shortly after the making of the mortgage, and that the defendant contributed an amount of money toward his funeral expense. (The amount itself is in dispute, the defendant claiming that it was $500 whereas the estate claims it was $124.54.) In any event, the executor Boulukos says that he had a conversation with the defendant one year after the making of the replacement mortgage herein, and that in response to his demand that the defendant cure his defaults, the defendant authorized him to apply on the .mortgage arrears the $124.54 which the estate was holding to reimburse him for the funeral bill, and to let him know what the balance was. This conversation is supposed to have taken place at a time when the mortgage was in arrears for two payments of $125 and 10 payments of $150, plus the interest on the whole sum, or a total of some $1,961. The court gives little credence to this story. Furthermore defendant says that the $500 which he actually paid was a gift, which he never expected to have repaid.
Be that as it may, it is the opinion of this court that both counsel have proceeded on an erroneous premise. Apparently they feel that since the mortgagees might have declared the whole mortgage due after the first default, the Statute of Limitations began to run as of that date as a matter of course. However, since this was merely an option accorded to the mortgagees, in the absence of its exercise, the whole mortgage did not become due. Clauses of this character are solely for the benefit of the mortgagees, and cannot be taken advantage of by the mortgagor to set the Statute of Limitations running. The mortgagee may waive the default and continue the mortgage *676 to maturity. When a mortgagee does not see fit to exercise his option, the Statute of Limitations does not commence to' run, so far as the principal debt is concerned, until the due date specified in the mortgage. (Quackenbush v. Mapes, 54 Misc. 124, mod. 123 App. Div. 242.) However, in this case, as noted above, the principal debt was payable monthly in installments of fixed amounts. In the absence of an election to accelerate by the plaintiff, the final payment fell due on April 16, 1953. Since the action was started on June 8, 1956, it is the conclusion of this court that this action is not fully barred by the Statute of Limitations for the reason hereinafter indicated.
It is my thought that since section 1086 of the Civil Practice Act gives to a mortgagee the right to maintain a separate action for a partial foreclosure of an installment mortgage, for each installment as it comes due, the Statute of Limitations should commence to run on each of these installments on the due date, irrespective of whether a mortgagee elects to declare the whole principal sum due. The right to maintain a separate action authorized by section 1086 of the Civil Practice Act, is much the same as the right to maintain a separate action to recover installments of interest, discussed in Union Trust Co. of Rochester v. Kaplan (249 App. Div. 280), and therefore should carry its own Statute of Limitations. Applying these principles to the instant case we find that all payments of principal which became due prior to June 9, 1950, are barred by the statute. These would be two payments of $125 each and four payments of $150 each, or a total of $850, leaving a principal balance due on the mortgage of $5,200. The interest on this amount must be computed at the rate of 3%%, the amount called for in the bond and mortgage, down to the date of its maturity, to wit, from June 16, 1950 to April 16, 1953, but thereafter it is to be computed at the legal rate of interest to the present time. (See 2 Clark, New York Law of Damages, § 912.)
It follows from this discussion that the defendant’s counterclaim to discharge the mortgage must be dismissed, although the court will grant a 30-day stay of execution of the judgment of foreclosure and sale to be entered herein, to give the defendant an opportunity to pay the judgment if he is so disposed. ■
This decision contains the findings required by section 440 of the Civil Practice Act.
Settle judgment on notice.