Pierson R. Hildreth, S.
Respondent, as executrix of decedent’s will, on petition of an alleged creditor of decedent’s estate, has been cited to show cause why she should not render and *1008 settle her account as such executrix. The petition is opposed on the grounds that the petitioner never established his claim against the estate and did not commence an action on such claim within three months after the disallowance thereof by respondent.
The fact that the petitioner did not bring an action Avithin three months after the rejection of his claim by the respondent did not prejudice his right to assert his claim upon the judicial settlement of respondent’s account. (Braloff v. Greenberg, 284 App. Div. 1054.) Furthermore, a claimant whose claim has been rejected is unquestionably entitled to institute a proceeding for a judicial settlement. (Matter of Dawson v. Kelly, 200 App. Div. 730; Matter of Mallin, 142 Misc. 520.)
Respondent failed to file her account or to show good cause to the contrary or to present a petition for a voluntary judicial settlement on the return day of such citation. Respondent consequently is ordered and.directed to account for her acts and proceedings as such executrix and file an account of such proceedings in the office of the Surrogate and cause the same to be judicially settled and allowed Avithin 30 days after the making and entry of an order so providing. (Surrogate’s Ct. Act, § 260.) Submit order accordingly.