Thomas P. Farley, J.
Defendant moves for summary judgment and for judgment on the pleadings in this action to foreclose a mortgage on real property. Defendant has pleaded the six-year Statute of Limitations (Civ. Prac. Act, § 47-a) as a defense and interposed a counterclaim for cancellation of the mortgage pursuant to article 15 of the Real Property Law.
There are no material issues of fact and the sole question to be determined is whether the plaintiff’s claim, or a portion thereof, is barred by the Statute of Limitations.
The mortgage extension and modification agreement in question was executed by the defendant on January 14,1952 in favor of the plaintiff’s testator. By this agreement the defendant covenanted to pay the sum of $3,000 in installments ‘ ‘ of $500.00 on the 1st day of March, 1952 and the [sic] like sum of $500.00 semi-annually thereafter until the full principal sum of $3,000.00 has been paid ”, with interest at 5% per annum due and payable on the same semiannual dates. Pursuant thereto, defendant made four $500 payments on account of principal. Concededly, he failed to make the last two payments which became due on March 1, 1954 and September 1, 1954, respectively. It is also undisputed that no payments on account of interest have been made since September 1, 1954, although some interest payments were made prior thereto.
The present action was instituted by the service of a summons and complaint on November 18,1960, more than six years beyond the due dates of both the afore-mentioned principal installments. The complaint seeks a judgment of foreclosure and sale for the $1,000 balance due on the mortgage, and the interest thereon from September 1,1953.
The mortgage extension agreement provides that, ‘ ‘ the whole of said principal sum and interest shall become due at the option of the [mortgagee] after default in the payment of any installment of principal or of interest for twenty days ”. Defendant maintains that the Statute of Limitations is a complete defense to the action. With this assertion, this court cannot agree. The complaint states a good cause of action based on defendant’s default in the payment of interest. While the Statute of Limitations as to the action for nonpayment of principal began to run against each of the two $500 installments on their respective due dates (Quackenbush v. Mapes, 123 App. Div. 242; Boulukos v. Chresafes, 20 Misc 2d 673; Haberkorn v. Da Silva, 210 N. Y. S. 2d 391), plaintiff’s cause of action to recover interest, which accrued for a period commencing six years prior to the com *168 mencement of this action to the date of the limitation period as to the two respective installments of principal, is not barred. (Ernst v. Schaack, 271 App. Div. 1012, affd. 297 N. Y. 566; Chapin v. Posner, 299 N. Y. 31, 42; L. K. Land Corp. v. Gordon, 1 A D 2d 699, revd. on other grounds 1 N Y 2d 465, cert, denied Greenfield v. L. K. Land Corp., 352 U. S. 989; Pietro v. De Stefano, 125 N. Y. S. 2d 691.)
The fact that plaintiff had an option to accelerate the due date of the entire principal and interest of the mortgage as of March 1, 1954, when the first default occurred, does not change the result since the option was not exercised in fact until the commencement of this action on November 18, 1960. The mere availability of the option to declare the entire loan due, sans the exercise thereof, does not operate to either suspend the running of the statute indefinitely in plaintiff’s favor (Kirschner v. Cohn, 270 App. Div. 126), or accelerate the running thereof to the defendant’s advantage. (Quackenbush v. Mapes, supra.)
Plaintiff also contends that the Statute of Limitations has been tolled with respect to the. $1,000 principal balance by reason of the mortgagor’s faithful payment of real estate taxes which he covenanted to pay under the terms of the mortgage. No cases have been cited in support of this theory and the court has been unable to unearth any authority where the same point was squarely raised. However, the applicable rule respecting partial payments sufficient to take a case out of the Statute of Limitations has been stated as follows: ‘ ‘ the burden is upon the creditor to show that it was a payment of a portion of the admitted debt, and that it was paid to and accepted by him as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being-due, from which a promise may be inferred to pay the remainder. * * * it must not only appear that the payment was made on account of a debt, but also on account of the debt for which action is brought, and that the payment was made as a part of a larger indebtedness, and under such circumstances as warrant a jury in finding an implied promise to pay the balance. ’ ’ (Crow v. Gleason, 141N. Y. 489,493; Sweeney v. Gould Paper Co., 7 A D 2d 147, 149.)
In the opinion of this court defendant’s payments of taxes on the mortgaged property are only remotely referable to the mortgage debt and do not constitute payments ‘ ‘ on account of the debt for which action is brought Moreover, the payments were made to and accepted by the municipality, a third party, which is not a creditor by virtue of the mortgage instrument.
*169 In view of the above, defendant’s counterclaim for the cancellation of the mortgage must be dismissed. Defendant’s motions for summary judgment and for judgment on the pleadings are likewise denied.
Although plaintiff has not cross-moved for summary judgment its right to foreclose the mortgage for nonpayment of interest . as set forth above, entitles it to such relief. (Rules Civ. Prac., rule 113; Bolten v. Wemett, 3 A D 2d 708.) Judgment of foreclosure may therefore be entered for the nonpayment of interest at 5% upon $500 from November 18, 1954 to March 1, 1960 and on $500 from November 18,1954 to September 1, 1960. Plaintiff is also permitted to amend the complaint as requested and to discontinue the action against fictitious parties.