Harry G. Herman, S.
In this accounting proceeding a creditor, whose claim is for work, labor and services performed on behalf of the decedent and for purchases made on her behalf during her lifetime, has filed objections to the account of the Public Administrator because of the rejection of such claim, and has demanded a trial by jury.
The Public Administrator now moves to strike such demand for a trial by jury, and relies on Matter of Boyle (242 N. Y. 342) and Matter of Garfield (14 N Y 2d 251). (See, also, Matter of Schorer, 272 N. Y. 247.)
In Matter of Boyle (supra) it was held that the jury trial was waived by the claimant where she did not bring an action at law within the statutory period after rejection of her claim. The latter case was cited with approved in Matter of Garfield (supra) where the court determined that a similar factual situation did not deprive the executrix of her right to a jury trial.
The first contention of the objectant, that he is entitled to *1048 a jury trial by reason of the repeal of the former section 211 of the Surrogate’s Court Act, on which the foregoing decisions were predicated, and the enactment of replacement sections 211, 211-a and 211-c by section 5 of chapter 488 of the Laws of 1963, effective March 1, 1964, is without merit.
These statutory changes, insofar as this proceeding is concerned, merely shortened the period during which a claimant could commence an action at law on his claim from 3 months to 60 days after rejection thereof before being relegated to a trial of his claim upon the accounting proceeding (Second Report of Temporary State Com. on Modernization, Revision and Simplification of Law of Estates, 1963, pp. 364-366).
The objectant’s second contention is that, since his claim was not rejected prior to the filing of the account herein, he did not waive his right to commence an action at law upon his claim, and that, therefore, he is entitled to a trial by jury.
Since on this motion the Public Administrator has not denied that the claim was not rejected prior to the accounting, this will be deemed to be admitted.
As it was said in Michaels v. Flach (114 Misc. 225, 230, affd. 197 App. Div. 478): “ The statute expressly reserves the right of a claimant to bring an action where no rejection has been made or served. There was no rejection in this case ”.
This was so under the former practice. Under the present practice, effective March 1, 1964, in the event that the fiduciary does not give written notice of rejection of the claim prior to the filing of his account, such claim shall be deemed an allowed claim (new section 210 of the Surrogate’s Court Act). None of the parties asserts that such statute applies herein, or that the instant claim should be treated as allowed. Thus the former practice is applicable. Under it where the administrator did not admit, allow or pay the claim, nor reject it, the claimant could wait for the accounting proceeding, or he could sue on the claim at law and reduce it to judgment (1 Harris, Estates Practice Guide [2d ed., 1954], § 455, p. 736).
Under the prior practice where a claimant was not advised of the rejection of his claim until the commencement of the accounting proceeding, he could thereupon and pending the disposition of such accounting bring an action on the claim in the Supreme Court, which would deprive this court of jurisdiction with regard thereto (Matter of Barclay, 266 App. Div. 1059, 1060; Moore v. Humbert, 268 App. Div. 813, 814).
The claimant has not sued in the Supreme Court. He states that inasmuch as the accounting was before this court and his *1049 claim could be heard here by filing objections thereto, he proceeded in this manner rather than by commencing an action at law, and demands a trial by jury.
It is clear that both present and former statutory practices were enacted by the Legislature so as to reduce the number of actions at law by claimants against decedents’ estates in order to have such claims determined by the Surrogate without a jury, except where the claimant actively asserted his option to go to the Supreme Court, or where the fiduciary, who could not go to the Supreme Court, demanded a trial by jury in the Surrogate’s Court.
Here the claimant could have sued at law before presenting his claim in July, 1962, or, having presented it, could have sued at law despite the failure of the Public Administrator to pass upon his claim.
It is the opinion of the court that, since the claimant under the facts of this case could also have sued at law and obtained a jury trial upon his claim even after the commencement of this accounting proceeding, but nevertheless elected not to do so but to litigate his claim in this court, he has waived his right to a jury trial. As the court stated in Matter of Woodward (105 Misc. 446, 449, affd. 188 App. Div. 888): “ If a creditor neglects to reduce his claim to judgment * * * and chooses to submit his claim to the surrogate in an accounting proceeding, he, in my judgment, should ipso facto be held to have resorted to equity and to have waived his right to a trial by jury in a common-law action. He deliberately chooses to come into equity or into an accounting proceeding in this court, which is the substitute for an administration suit in chancery.”
The motion to vacate the demand for trial by jury is granted as a matter of law and in the exercise of the court’s discretion.
This case attests to the wisdom displayed in the enactment of the present section 210 of the Surrogate’s Court Act. If the claim is not rejected prior to the accounting, it is deemed allowed. If it is rejected, then an action at law must be commenced within 60 days after such rejection (new section 211-c of the Surrogate’s Court Act). If such action is not commenced within the statutory period, the validity of the claim will be determined upon the accounting proceeding (new section 211-a of the Surrogate’s Court Act).