## BEHLEN v. BEHLEN.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

ACTION AGAINST MINOR—GUARDIAN AD LITEM—RIGHT TO BE MADE A PARTY—
　　NOTICE OF PROCEEDINGS—INTERVENTION.
　　　Where an action has been commenced against a minor and an an-
　　swer filed, the guardian ad litem need not be made a party to the action,
　　but he has the right to require that notice of all further proceedings
　　should be served on him, and to intervene and protect the interests of
　　the defendant, as he may be advised, under Code Civ. Proc. §§ 427, 428,
　　providing that a guardian ad litem may intervene, and, to the extent
　　that it may be advisable and proper, "conduct the defense for the incom-
　　petent defendant."

Appeal from special term, New York county.

Action by Hermann Behlen against Anna T. L. Behlen, a minor.
From an order denying the motion of Solomon D. Rosenthal to be
·made a party as guardian ad litem, and for other relief, he appeals.
Modified and affirmed.

Argued　before　HATCH, McLAUGHLIN, PATTERSON,
O'BRIEN, and INGRAHAM, JJ.

Abraham Levy, for appellant.
Francis W. Russell, for respondent.

PER CURIAM. The appeal is taken by the defendant's guardian
·ad litem from an order denying his motion to be made a party to
this action, and that a supplemental summons and complaint be
served upon the said guardian ad litem, and that he have leave to
·answer the same; and, further, that all future proceedings in the
·action be amended so as to read "Hermann Behlen, Plaintiff, v.
Solomon D. Rosenthal, Guardian ad Litem for Anna T. L. Behlen,
Defendant," and for other relief. The learned judge at special term
·in his memorandum correctly said:

"A guardian ad litem is not a party to an action; he simply represents
·the party. The defendant herein has answered, and another answer is not
·necessary. The guardian ad litem is entitled to have notice of any further
proceedings in the action, but he is not entitled to the relief demanded in
the notice of motion."

Although, as thus appears, the learned justice was disposed to
·accord some relief, when it came to the making of the order the
·motion was in all respects denied. Had he, in conformity with
his suggestion, denied that portion which asked that the guardian
·ad litem be made a party to the action, and granted relief to the
·extent of requiring that notice of all further proceedings should be
·served on the guardian, and that he should have the right to inter-

vene and protect the interests of the defendant as he might be advised, there would be no necessity for interfering with this action. The order as entered, however, denied any relief.

That some competent person should be apprised of all matters. in the litigation affecting the interests of the defendant, and that. such interests should be protected, was the very purpose of appointing the guardian ad litem. The order, therefore, should be modified so as to give the guardian the right to which he is entitled,. under sections 427 and 428 of the Code of Civil Procedure, to look after the interests of the alleged incompetent defendant. This does not require that he should be made a party, but he should have been accorded the right conferred by the sections of the Code mentioned to intervene, and, to the extent that it may be advisable and. proper, "conduct the defense for the incompetent defendant."

As so modified, the order should be affirmed, without costs.