FRANCES M. HEBURN, Plaintiff, *v.* SARAH J. REYNOLDS
et al., Defendants.

(County Court, Oneida County, July, 1911.)

Foreclosure of mortgages on land — Foreclosure by action and sale —
Parties — Necessary parties — Committee of incompetent mort-
gagor.
Insane persons — Actions: Leave to sue lunatic — Necessity: Parties —
Defendant.
Limitation of actions — Actions on contract — Simple contracts —
Unsealed mortgage.
Mortgages — Validity: Necessity of seal: Necessity of interest clause.

· A seal is no longer required to give validity to a mortgage
of lands, where the instrument expresses a consideration.

Nor is it essential to the validity of a mortgage that it shall
contain a covenant to pay the moneys it is intended to secure,
or a provision that it shall become void upon payment of such
moneys, or an interest clause.

In an action to foreclose a mortgage, the committee of the
incompetent defendant who executed the mortgage is not a neces-
sary party; nor is it necessary in such a case to allege and prove
that the court has granted leave to maintain the action against
· the committee.

Where six years have not elapsed since the principal sum
secured by a mortgage became due, the Statute of Limitations
has not run against it, but the installments of interest that were
payable more than six years before the action was commenced
are barred.

ACTION to foreclose a mortgage.

P. H. Fitzgerald, for plaintiff.

· Frederick H. Cookinham, as committee for Sarah J.
Reynolds, an incompetent person.

HAZARD, J.   This action is in foreclosure, and the com-
plaint is in about the usual form in such cases, except as
it may be modified by the absence of a bond or other per-

County Court, Oneida County, July, 1911. [Vol. 73.

sonal security. The defense is somewhat vague, and consists of a denial that the mortgage or document in suit was executed, acknowledged and delivered to the plaintiff as a mortgage; also that the plaintiff's claim is outlawed.

Upon the trial of the action the plaintiff offered the mortgage upon which the suit is brought in evidence and rested; and the committee did not offer any evidence, resting his case upon several points of law which he has raised; and it, therefore, becomes necessary to consider those points in detail.

It is claimed that the committee as such was a necessary party to the action. Section 426 of the Code of Civil Procedure, paragraph 2, provides that, if the defendant is a person judicially declared to be incompetent, and for whom a committee has been appointed, service of the summons shall be made upon the " defendant " and also upon the committee. Section 428 of the Code makes provision in such a case for the appointing of a special guardian *ad litem,* " where the court has, in its opinion, reasonable ground to believe " that the interest of the incompetent requires it. These provisions do not seem to indicate an intention on the part of the law makers to provide that, in such a case as the one at bar, it is necessary to make the committee also a party. It would seem that the purpose of the statute is to give him permission to come in and protect the rights of his ward, as has been done in this case, without having the committee formally made a party to the action. I think the decision in Behlen v. Behlen, 73 App. Div. 143, is to that effect.

The committee raises the further point that the plaintiff must allege and prove, as a part of his case herein, that a committee has been appointed, and that permission has been given to bring suit, and cites Scofield v. Doscher, 72 N. Y. 491, as authority for that proposition. That was an action brought to recover an alleged deficiency arising on foreclosure and sale against an executor; and the court held that an action was not maintainable without leave of the court, and that the plaintiff must affirmatively plead and prove that consent. The question thus raised is not without diffi-

culties, as in some respects the Scofield v. Doscher case is similar to the case at bar. It was held on a motion made earlier in this case, upon the authority of the case of Smith v. Keteltas, 27 App. Div. 279, that this action could not proceed without leave of the court. The theory and reason for that order was that the property of this incompetent is in the custody of the court and the committee appointed by the court, and that it is not rulable to allow proceedings against property in that situation, without obtaining permission from the court. I think, however, that is as far as that ruling should go, and that the reason for the ruling referred to is simply to protect the estates of incompetents from unnecessary waste, and that there is no such condition here as existed in the Scofield v. Doscher case. In the latter case the court said: " But here, when he has shown that this action is for a deficiency upon a foreclosure of a mortgage and sale of the lands, he shows at the same instant that he must have authority from the court to bring his action; and, unless he has that, he has no present right of action." There is no allegation in the complaint in the action that the defendant Reynolds is an incompetent person or that a committee has been appointed; and the committee, as above stated, is not in fact a party defendant. In all these particulars the case at bar is to be differentiated from the Scofield v. Doscher case, and I, therefore, think that it is not necessarily applicable to the case at bar. The committee further claims that the instrument sought to be foreclosed herein is not a mortgage, and that no action of foreclosure can, therefore, be maintained; and he points out some very remarkable features in the instrument under consideration. The mortgage, if such it is, is certainly most unskillfully drawn. There is at no place in it an express promise to pay the debt which it purports to secure, and it is not accompanied by any bond or note or other instrument. Furthermore, it has no seal, and is lacking in what is usually known among conveyancers as the " interest clause." It is also lacking in the usual provision found in mortgages to the effect that, upon payment of the debt secured thereby, the conveyance shall be void. The document is a remark-

able illustration of the folly of having legal documents prepared by unskillful parties; but it is as it is, and we must consider the alleged defects, which are certainly deformities, somewhat in detail.

It is the plaintiff's claim that a seal may be construed into the instrument, thus carrying out what plaintiff's attorney claims is the obvious intent of the mortgagor. The instrument winds up with the usual clause: " In witness whereof, the party of the first part has hereunto set her hand and seal the day and year first above written." This is followed by the usual " sealed and delivered in the presence of," and then follows the signature of defendant Sarah J. Reynolds; but there is no seal nor anything which the law will consider such. It is the claim of the plaintiff that, under section 348 of the Code, and Barnard v. Gantz, 140 N. Y. 258, and Town of Solon v. Williamsberg Savings Bank, 14 id. 134, and other cases cited by him, this court has the equitable power to amend or revise a mortgage the same as the Supreme Court would have. It is held in Thomas v. Harmon, 122 N. Y. 84, that an action to foreclose a mortgage and an action to reform a mortgage are independent remedies that may be attained by separate actions open to separate and independent defenses, and that the power to foreclose a mortgage does not include, as incidental thereto, the power to reform it and that, hence, a County Court has no jurisdiction under section 348 of the Code to reform a mortgage.

. In Mead v. Langford, 56 Hun, 279, the reformation of a bond, accompanying the mortgage sought to be foreclosed, was held to be " secondary and ancillary " to the proceeding to foreclose, and that it was, therefore, within the jurisdiction of the County Court to grant that relief. It is probably unnecessary to decide whether the power to reform the instrument at bar rests in this court, because it seems to me that a seal is unnecessary. As the law now exists, a seal simply imports a consideration and appears to be principally useful when that matter comes into question. The paper in suit recites a consideration of $1,500, which of course is sufficient. Moreover, it does not appear that a seal is any

longer necessary, even on a grant of a fee or freehold, the statute now only requiring that it must be "subscribed by the person from whom the estate or interest conveyed is intended to pass." Real Prop. Law, §§ 242, 243; Fitzpatrick v. Graham, 122 Fed. Rep. 405.

I, therefore, reach the conclusion that, in the present state of the law, a seal is not necessary upon a mortgage, and that in that particular the instrument in suit does not require any reformation.

The committee raises the further claim that no action can be maintained unless there is contained in the mortgage sought to be foreclosed, or some accompanying instrument, a promise to pay the debt thereby secured, citing Borst v. Corey, 15 N. Y. 505. That was an action in equity to foreclose a claim for a purchase money loan in a case in which no bond or mortgage had been given. The court held that the claim became outlawed after the lapse of six years. In the course of the opinion the court remarks that "No action at law can be predicated upon the mortgage, to collect the debt secured thereby, unless there is contained therein a covenant to pay the debt." At another point the court said: "It would be an anomaly if the plaintiff could recover his debt by an action to enforce the lien given to secure the debt, when no action could be sustained to recover the debt directly without reference to the lien." As there was no mortgage at all in the Borst v. Corey case, the statements above referred to are more or less *obiter*. In Hulbert v. Clark, 128 N. Y. 295, that case was questioned and practically overruled, it being there held that a lien or bond given as security for a debt is not impaired by the fact that the remedy at law for the recovery of the debt is barred by the statute, and permission was given for the foreclosure of that mortgage given to secure payment of notes, which themselves were outlawed when the action was begun. In the case at bar the "mortgage" contains this clause: "And in case default shall be made in the payment of the principal sum hereby intended to be secured, or in the payment of the interest thereof, or any part of such principal or interest, as above provided, it shall be lawful for the party of the second

part, her executors, administrators or assigns, at any time thereafter to sell the premises hereby granted, or any part thereof, in the manner prescribed by law, etc." While it is true that the mortgage involved in this case does not contain a direct promise to pay anything, it does contain the provision above quoted; and I think, therefore, in view of the Hulbert v. Clark case, that the committee's point under consideration is not well taken.

This egregious mortgage does not contain the usual "interest clause," viz., a provision commonly contained in mortgages that, upon failure to pay any instalment of interest, the whole principal thereupon becomes due at the option of the mortgagee. Neither does it contain any provision, customary to mortgages, that upon payment of the sum for which the mortgage is given as security the estate of the grantee shall thereupon cease and become void. While both of these provisions are important and are usual in mortgages, I do not agree with the committee's contention that the absence of either or both of them is of such controlling importance that the instrument must be reformed by a court of equitable jurisdiction, or that some special or different action, other than that in mortgage foreclosure, which plaintiff has brought, is alone applicable as a remedy to plaintiff. It must be borne in mind that, by the terms of the instrument in question quoted above, upon the happening of a default, the plaintiff is given the power to " sell the mortgaged premises in the manner prescribed by law." Plaintiff does not seek any deficiency judgment, and her proceedings are strictly *in rem.* I think plaintiff is entitled to proceed with her action, and in its present form.

Lastly, I think, the committee raises the point that this mortgage is " outlawed." The mortgage in question is dated October 1, 1898, and provides: " This grant is intended as a security for the payment of $1,500 in 10 years from date hereof, with interest at 5% payable quarterly." It seems that no payments of interest whatever have been made upon this mortgage, and the committee contends that the instrument (not being under seal) outlawed in six years from the date of the maturity of the first instalment of interest, which would

be January 1, 1899, thus making the mortgage outlawed on and after January 1, 1905. He contends with earnestness that the cause of action "accrued" with the maturing of the first interest item; but, again, I think I shall have to hold against the committee's contention. It will be kept in mind that the mortgage was drawn for a term of ten years, and that it did not mature until October 1, 1908. While it is true that according to the terms of the mortgage the plaintiff might have commenced a foreclosure any time after three months from the date of the instrument, I do not think she *must* have done so. Referring to the terms of the remarkable instrument in question, and keeping in mind that it contains no " interest clause," according to the strict terms of the mortgage the plaintiff might, in case of a foreclosure sale, " retain the money then due for principal and interest, together with the costs and charges of making such sale, and the overplus, if any there be, shall be paid by the party making such sale on demand to the said Sarah J. Reynolds," etc. In other words, if the plaintiff had foreclosed this mortgage before the principal sum became due, she was called upon by the terms of the mortgage to retain simply the item of three months' interest and to pay the overplus to the mortgagor, something which the plaintiff manifestly would be very reluctant indeed to do. An exactly similar question arose in the case of Quackenbush v. Mapes, 123 App. Div. 242. It is there stated to be a new question in this State, and the court held that, while it was unquestionably true that the mortgagee *might* have commenced his action upon the first default of interest, he was not *compelled* to do so, and that the cause of action did not accrue until the time fixed in the bond and mortgage as the natural maturity thereof. Such being the holding in that case, the mortgage in which did not present the difficulties and peculiarities quoted above with reference to the one at bar, there can be no doubt, I think, but that the mortgage in question, even treated as it must be, as an instrument not under seal, is not outlawed.

There is still another point raised by the committee, which is that even if the mortgage is held to be not outlawed, the

instalments of interest which accrued over six years ago must be regarded as barred by the statute. I think, upon the authority of the Quackenbush v. Mapes case, *supra,* I must reward the industry of this committee in his client's behalf by holding with him, that all the instalments of interest which accrued upon the mortgage in suit more that six years prior to the commencement of this action are barred by the statute.

Plaintiff may have judgment of foreclosure and sale in the usual form, her recovery, however, to be limited to interest accruing within six years prior to the commencement of this action.

Findings and decree may be prepared accordingly.

Judgment accordingly.