POSHIA MCMILLON AND WILLIAM M. MCMILLON, MINORS, BY HENRY A. MCMILLON, THEIR FATHER AND NEXT FRIEND, *Appellants,* v. M. O. HARRISON, E. F. WILSON AND M. H. WYATT, AS SHERIFF OF MANATEE COUNTY, *Appellees.*

Opinion Filed October 28, 1913.

1.  The filing of a praecipe for summons *ad respondendum* is not

jurisdictional. It serves the two fold purposes of marking the time when the action begins and of guiding the clerk in preparing the summons.

2. On a collateral attack, a judgment against A. will not be held void for defective service, the sheriff's return upon the summons showing that he delivered "a true copy thereof to A. and B., the within named defendants."

Appealed from Circuit Court, Manatee County; F. A. Whitney, Judge.

Decree affirmed.

*Curry & Crichlow,* for Appellants;

*Singeltary & Reaves,* for Appellees.

COCKRELL, J.—This is an appeal from a decree sustaining a demurrer to a bill praying that a judgment and sheriff's deed thereunder be cancelled.

Pending the advertisement of the sale under execution the judgment debtor Henry A. McMillon by apparently a voluntary deed quit-claimed the forty acres so advertised to his two minor children, the complainants and appellants; and at the sheriff's sale M. O. Harrison, a stranger to the judgment, bought the property, about eight months before this suit was begun.

It is clear then that to set aside this judgment and sheriff's deed, in the absence of any offer to do equity, there must have been an entire absence of jurisdiction in the common law court, or some very strong equity as against the stranger to that proceeding; the latter may be at once dismissed from consideration, seeing that no charge of any kind is preferred against the purchaser at the sale.

The attack upon the jurisdiction to render the judgment it did render, is based upon alleged defects in the praecipe for the summons and in the return of the sheriff on the summons.

We are not advised by the pleader in what particular the praecipe was defective, other than it did not contain all the specifications pointed out by the statute, Gen. Stats. Sec. 1392. The filing of the praecipe is not jurisdictional, but serves the two fold purpose of making the time when the action begins, even though the clerk should be dilatory in issuing the summons, and also as a guide to the clerk in preparing the summons. Benedict v. W. T. Hadlow Co., 52 Fla. 188, text 196, 42 South. Rep. 239, and cases cited.

The most earnest insistence is upon the sheriff's return as endorsed upon the summons, reading: "Received this summons Aug. 15th, A. D. 1910, and served the same Aug. 19th, A. D. 1910, by delivering a true copy thereof to T. J. Stuck and Henry McMillon the within named defendants." It is argued that this return shows a joint and not a several service.

The Supreme Court of Texas in Holliday v. Steele, 65 Tex. 388, held such a return insufficient. The statement of that case is too meager for us to say exactly how the question arose, but we gather that the return was attacked by a special appearance, and not collaterally. That court contents itself with the citation of King v. Goodson, 42 Tex. 153, as a controlling authority, and in the King case the court merely stating that the sheriff's return was not strictly correct, being liable to misconstruction, while the statute required the return to be plainly stated, so as to avoid the necessity of intendment to help it out, reversed the judgment upon another ground. Later Texas cases content themselves with citing these two cases.

McMillon *et al.* v. Harrison *et al.*—Opinion of Court.

It is possible that the rule of decision has now become so firmly fixed in that State, as to compel the courts to treat as waste paper judgments founded upon such returns; however, we have found only cases of direct attacks by way of special appearances. We are not so bound and feel free to declare the return sufficient. While the interpolation of the word "severally" in the return might be more exact, we cannot expect our sheriffs to be grammarians of the ripest scholarship, nor did the old common law so require. The return in our opinion sufficiently shows that a copy of the summons was delivered to each of the defendants, even should we ignore the fact suggested in the brief and not denied, that the sheriff's cost bill endorsed on the return indicated clearly two services. See Gamble v. Warner, 16 Ohio 371. In Stanley v. Arnow, 13 Fla. 361, text 366, and Wylly v. Sanford Loan & Trust Co., 44 Fla. 818, 33 South. Rep. 453, there were several parties and the statutory mandate that the name of the party served be stated was not complied with, and there was no way of ascertaining upon which of the various parties service was made.

The other grounds of equity are scarcely insisted upon, other than as being cumulative. They do not merit special treatment at our hands.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.