E. J. LANDER & CO., Respondent, *v.* LEO BROWN et al.,
APPELLANTS.

(No. 7,994.)

(Submitted January 26, 1940.   Decided February 17, 1940.)

[99 Pac. (2d) 217.]

*Mr. James E. Burdett, Jr.,* for Appellants, submitted a brief and argued the cause orally.

*Mr. John M. Kline,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Defendants have appealed from a judgment in plaintiff's favor quieting title to certain land ·in Glacier county, in an action in which they had filed a cross-complaint to quiet title in themselves.

In 1919 defendants, then owners of the property, gave plaintiff a mortgage thereon, which it foreclosed in 1921. Plaintiff has claimed title since 1926 as successor in interest to the grantee named in the sheriff's deed.

The defendants defaulted in the foreclosure suit and it is their contention here that the decree of foreclosure is void because of alleged defects in the sheriff's return of service of summons. That return is as follows, the words not italicized constituting the printed form on the back of the summons, and the words italicized having been inserted with pen and ink by the deputy sheriff:

"Office of the Sheriff

"County of Glacier,

"State of Montana.

"I hereby certify, that I have received the within Summons on the *30th* day of *Sept.* A. D. *1921,* and personally served the same on the *30th* day of *Sept.* A. D. *1921,* upon *Leo Brown Eva Brown* by delivering to said *Leo Brown & Evá Brown* per-

sonally in the County of *Glacier* a copy of said summons, and a copy of the Complaint referred to in said Summons.

"Dated at *Browning* this *30th* day of *Sept.* A. D. *1921.*

"*P. A. Davis,* Sheriff

"By *Chas. Simon, Dpty.*

"Service ..............$ *2.00*
"Copy ...............$——
"Mileage .............$ *.40*
"Total ..............$ *2.40*"

The alleged defects in the return are, first, that the return merely states that service was made upon Leo Brown and Eva Brown without identifying them as the defendants in the case; second, that it states that it was made upon them "by delivering to said Leo Brown and Eva Brown personally in the county of Glacier *a copy* of said summons and a copy of the complaint referred to in said summons."

In the present case the trial court set forth in its findings the return in the foreclosure suit and expressly stated that no other evidence was submitted to it with reference to the service. The trial judge then proceeded to make further excellently detailed and complete findings and conclusions and to enter decree in plaintiff's favor.

This is a collateral attack upon the foreclosure decree. By "collateral attack" is meant every proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or on appeal thereof, and except suits brought to obtain decrees declaring judgments to be void *ab initio.* (*Burke* v. *Inter-State Savings & Loan Assn.,* 25 Mont. 315, 64 Pac. 879, 87 Am. St. Rep. 416; *Jenkins* v. *Carroll,* 42 Mont. 302, 112 Pac. 1064; *Sharkey* v. *City of Butte,* 52 Mont. 16, 155 Pac. 266; *Thompson* v. *Chicago, Burlington & Quincy R. R. Co.,* 78 Mont. 170, 253 Pac. 313; *State ex rel. Delmoe* v. *District Court,* 100 Mont. 131, 46 Pac. (2d) 39; *Frisbee* v. *Coburn,* 101 Mont. 58, 52 Pac. (2d) 882; *Hanrahan* v. *Andersen,* 108 Mont. 218, 90 Pac. (2d) 494.) Thus, a quiet title suit is a collateral attack on former judgments or records. (*Burke* v. *Inter-State Savings & Loan Assn.,* supra;

*Thompson* v. *Chicago, Burlington & Quincy R. R. Co.,* supra; *Frisbee* v. *Coburn,* supra.)

On collateral attack upon a judgment of a domestic court of ▆ general jurisdiction acting within its ordinary scope, the presumption of jurisdiction over the persons of the parties is conclusive, unless a lack of it affirmatively appears upon the face of the judgment roll. (*Hanrahan* v. *Andersen,* supra, and cases therein cited.)

The first objection that Leo Brown and Eva Brown were not ▆ identified in the return as the defendants is immaterial since the names there stated are identical with the names of the defendants in the suit, and identity of persons is presumed from identity of names. (Subd. 25, sec. 10606, Rev. Codes.)

The second objection is quite technical. The statutory requirement of course is that personal service be made by ▆ delivering a copy of the summons together with a copy of the complaint to each defendant, except that if two or more of them reside within the same county a copy of the complaint need be delivered to only one of them. (Secs. 9110, 9111, Rev. Codes.) Appellants' contention is that the return shows that only one copy of the summons was delivered to the defendants, thus constituting a joint service, which is not valid service under the statute. But even if only one copy of the summons was actually used that fact would not necessarily indicate a joint service, since the one copy might in some way have been used successively in serving each party individually. Thus if we interpret that part of the return literally as indicating that only one copy of the summons was delivered to the two defendants, it does not follow that the record affirmatively discloses a want of jurisdiction. The most that can be said is that this part of the return is ambiguous. The ambiguity may well have arisen out of the fact that the words ''a copy of said summons'' constituted part of the printed form and that the deputy merely omitted inserting words to show anything other than the date of receipt and service of the summons and the names of the parties served and of the town and county, or that he considered anything further unnecessary. The portion of the form provided

for showing costs, however, was filled out to show that two services were made. Since it is presumed that official duty has been properly performed and no wrongful charge made, that part of the return constitutes some evidence at least that copies of the summons were served upon each defendant.

Furthermore, in the findings of fact in the foreclosure suit the court expressly found that the summons was "duly and regularly served upon the defendants and each of them." It does not appear whether the court received other evidence of the service than the return, but the recital is clearly entitled to due credit in the absence of matter in the record affirmatively demonstrating its manifest untruth, which is not here the case.

Our search of the authorities indicates that, although the precedents are not numerous, like returns are generally considered sufficient, Texas apparently being the only state whose courts hold otherwise. The majority rule is expressed in *McMillon* v. *Harrison*, 66 Fla. 200, 63 So. 427, 49 L. R. A. (n. s.) 946; *Keith Bros. & Co.* v. *Stiles*, 92 Wis. 15, 19, 65 N. W. 860; *Martin* v. *Hargardine*, 46 Ill. 322; *Greenman* v. *Harvey*, 53 Ill. 386; *Isley* v. *Boon*, 113 N. C. 249, 18 S. E. 174; and see note 49 L. R. A. (n. s.) 946.

None of these cases cited seems quite as strong as the present one, in which the inclusion in the printed form of the words "*a copy* of said summons" can readily have led to the ambiguity, and the sheriff's charge for the service and the court's express findings of fact both tend to cure any doubt about the return and to negative the alleged lack of service.

In the *McMillon* and *Martin Cases*, supra, emphasis was placed upon the effect of the statement of costs, while in the *Keith, Isley* and *Greenman Cases*, supra, it was held that the language used in the return "clearly imports," or "is not inconsistent with the idea" that a copy was delivered to each defendant, or that such delivery of a copy to each "may reasonably be inferred therefrom."

Most of the Texas cases contra seem to involve either direct attacks or clearly distinguishable fact situations, but in so far

as. any of them may be considered to apply to the facts in this case we must decline to follow them.

Without expressly approving any of the decisions cited above with reference to the service, we regard them as establishing the correct rule on collateral attack, in weaker cases than the present one. Since it does not appear affirmatively upon the face of the record in the foreclosure suit that there was a lack of jurisdiction in the court, the decree appealed from in the present suit must be, and it is hereby, affirmed.

ASSOCIATE JUSTICES MORRIS, ANGSTMAN, ARNOLD and ERICKSON concur.