MANHATTAN SAVINGS BANK, Plaintiff, *v.* SILVIA ANNUNZIATO, Defendant.

First Department, February 23, 1945.

*C. De Witt Rogers* for plaintiff.

*John M. Diserio* for defendant.

TOWNLEY, J. Defendant agreed to purchase property at 2052 First Avenue, Borough of Manhattan, City of New York, from the plaintiff for $500 on signing the contract and $4,000 on delivery of the deed. At the appointed closing plaintiff tendered the deed and defendant was ready, willing and able to pay the balance of the purchase price provided the plaintiff's title was marketable.

The tender was refused by reason of the following facts: Plaintiff's title is derived from a referee's deed given pursuant to a judgment of foreclosure entered May 25, 1943. In that action the plaintiff sued Joseph Caggiano and his wife Angelina Caggiano and sixteen other persons as defendants. At the time the action was commenced the premises were owned by Joseph Caggiano in common with his four brothers. On May 29, 1937, Joseph Caggiano was adjudged an incompetent and Angelina Caggiano was made the committee of his property. She filed a bond in accordance with the order of commitment and duly qualified as committee. Owing to an error it was believed by

plaintiff that no committee had been appointed. The plaintiff, therefore, asked for an order permitting personal service upon the incompetent and designating one Joseph Cohn to accept service on his behalf.

The service of the summons and complaint was made personally upon Angelina Caggiano, the committee, who was also a defendant in said action having an inchoate right of dower in the interests of Joseph Caggiano. Neither the plaintiff nor the plaintiff's process server knew that Angelina Caggiano had been appointed as such committee. Three copies of the summons and the amended complaint with a certified copy of the order permitting said service were personally served upon the Acting Superintendent of the Central Islip State Hospital on December 19, 1942. At the time of the said service Joseph Caggiano was residing with one of his brothers at 2052 First Avenue, having been paroled for a period of one year by the hospital on October 6, 1942. On December 28, 1942, the summons and amended complaint were served personally on Joseph Caggiano and on Joseph Cohn who, as above noted, was designated to accept service on behalf of Joseph Caggiano by the order made at Special Term. Affidavits of all the said services were duly filed and are part of the foreclosure judgment roll.

On February 8, 1943, Joseph Cohn answered in the said foreclosure action submitting the rights of the incompetent to the court but raising no issue. All other defendants were duly served with summons and none of them served any answer in the action and their time to do so duly expired. Judgment of foreclosure and sale was entered and the plaintiff purchased the premises at the sale conducted by the referee and received the deed.

In rejecting title the defendant purchaser claims that the court in the foreclosure action failed to obtain jurisdiction over Joseph Caggiano because an additional copy of the summons and amended complaint was not served upon Angelina Caggiano as committee of the property of Joseph Caggiano, the incompetent. The plaintiff seller on the other hand claims that the service upon Angelina Caggiano of a single copy of the summons and amended complaint, when coupled with the service upon Joseph Caggiano personally, was sufficient to satisfy the statutory requirements and to give the court in the foreclosure action jurisdiction over the said incompetent.

Plaintiff demands judgment for specific performance requiring the defendant to accept the deed of the said premises and to pay the balance of the consideration therefor.

Section 225 of the Civil Practice Act requires, in addition to personal service upon the incompetent, that the committee be served with process — where the incompetent is made a party defendant — so that the committee may have notice thereof and take such steps as may be necessary to that end. This is the effect of the decisions in *Behlen* v. *Behlen* (73 App. Div. 143) and *Heburn* v. *Reynolds* (73 Misc. 73).

If the object of the service of process in this case is not to make the committee an actual party to the action but merely to give the committee notice of the pendency of the action so that the committee may defend as seems proper, there seems to be no reason why the failure to deliver a second copy of the summons and complaint should be treated as a substantial defect in jurisdiction. Had a second copy of the summons and complaint been delivered to Angelina Caggiano she would have received no additional information. The statute nowhere requires two copies of the summons and complaint to be delivered to a committee, who happens to be a party defendant in her individual capacity.

It was said in *Hiller* v. *B. & M. R. R. R. Co.* (70 N. Y. 223, 227): " The object of all service of process is said to be to give notice to the party on whom service is made, that he may be aware of and may resist what is sought of him, and it is a general rule that any service must be deemed sufficient which renders it reasonably probable that the party proceeded against will be apprised of what is going on against him, and have an opportunity to defend. (*In re Empire City Bank*, 18 N. Y. 200; *Happy* v. *Mosher*, 48 N. Y. 313; *Gibbs* v. *Queen Ins. Co.*, *supra* [63 N. Y. 114].) "

We think that if there was any irregularity in this case it was of such a sort that it did not affect the jurisdiction of the court.

Judgment should be granted as prayed for by plaintiff in the agreed statement of facts, without costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment granted as prayed for by plaintiff in the agreed statement of facts, without costs. Settle order on notice.