61 So.2d 182 (1952)
HIME
v.
FLORIDA REAL ESTATE COMMISSION et al.
Supreme Court of Florida, Division A.
October 21, 1952.
Rehearing Denied November 20, 1952.
David B. Newsom and Rosenhouse & Rosenhouse, Miami, for appellant.
W.H. Poe, Orlando, for appellee.
TERRELL, Justice.
The Florida Real Estate Commission filed an information charging that defendant Charley Hime, while acting as a real estate broker for Florence Zelt, accepted the sum of $800 from his employer, as earnest money for the purchase of certain real estate and that he converted said money to his own use. The information also charged that the parties to the transaction agreed upon a sale if the purchaser would secure the loan. The sales contract was later rescinded and defendant was instructed to return the deposit. He gave his client two checks totaling $800, both of which were dishonored by the bank. Other demands were made and refused, but defendant ultimately paid all but $109.83, which he claimed as compensation for services.
Defendant was served with copy of the information and was given the required opportunity to file his defense, but failing to do so, default was entered against him. At the following meeting of the commission, it was found that by defendant's failure to answer or deny the allegations of the information, he admitted the charge against him. His registration as a real estate broker was accordingly suspended for six months. The Circuit Court, on appeal, affirmed the *183 order of the commission. We are confronted with an appeal from the order of the Circuit Court, affirming the suspension order of the commission.
It is contended that the commission did not track the statute in that appellant was suspended absent a finding of facts showing that he was guilty of violating the law governing the conduct of real estate brokers and salesmen.
The governing statute, Section 475.30, F.S.A., provides:
"If no answer or motion to quash shall be filed on or before the date fixed in the notice prescribed in § 475.26 of this chapter, or within the time as it may be enlarged, the chairman shall enter an order declaring the defendant to be in default, the allegations of the information shall be taken as true, and a final order may be entered, ex parte, at any subsequent meeting of the commission."
In its suspension order the commission found:
"* * * it was found, by order of default duly entered in this case on May 29, 1951, that the defendant admitted the allegations in the information and the commission finds according to said allegations, and thereupon finds that the defendant's registration should be suspended * * *."
Other provisions of the statute, Sections 475.26 and 475.31, F.S.A., authorize the finding made by the commission. Indeed, the rule appears to be general that where the information specifies the charge and no defense is offered and a default is taken, the order of suspension may not require a finding of fact to support it. There is no contention that the statute is unconstitutional or that its terms were not substantially followed.
Appellant relied on McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 51 A.L.R. 731, to support his contention, but we do not think this case is controlling. It was governed by different statutory requirements. The court may without doubt question the jurisdiction of the commission but that was not done, and the information was not assaulted. It contained all the essential requirements, service was made on defendant as required by law, and no request was made to reopen or set aside the default for the purpose of pleading or offering a defense.
The uncontradicted facts are that defendant as broker held $800 in trust for his client which he failed to replace as requested. His checks were dishonored, so the only inference is that he used or converted his client's money. The fact that he later replaced it was highly commendable, but it did not remove the stigma. This fact might have been considered in mitigation of punishment, but we will not assume that the commission did not take this into account in imposing the suspension. The very purpose of the law is not only to punish but also to relieve the real estate business of those who violate the trust imposed in them. Section 475.25, F.S.A., catalogues the offenses for which a real estate broker may be suspended and the charge brought in question is well within the list of categories recited.
The legislature of this state has held administrative boards to strict requirements of due process, but the requirements of the statute cited herein are such that it was not necessary that the information be verified. Where one charged is served with a copy of the information with notice to answer as required by law or else the charge will be taken as true and a final order will be entered without further notice, and defendant without objection or excuse fails to answer, the commission is authorized to enter such order, without the taking of proof based upon a finding that the facts in the information are admitted. State ex rel. Davis v. Rose, 97 Fla. 710, 122 So. 225.
Affirmed.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.