O’CONNELL, STEPHEN C., Associate Judge.
Georgia Olena Brown, as Guardian of L. L. Davis, an incompetent by reason of insanity, brought suit to impose a constructive trust on lands now owned by the defendants but which had at one time been owned by L. L. Davis. The defendants filed answers and counterclaims after which the plaintiff made motion for summary final decree. No affidavits, depositions or evidence were offered or filed. The chancellor granted the motion for summary final decree and this interlocutory appeal followed. The appellee moved in this Court to dismiss this appeal on the ground that it was on appeal from a final decree, not an interlocutory order, which motion was denied.
In the order granting the summary decree the chancellor specified that he granted same on ground 3 of the motion therefor. This ground urged that the sheriff’s return in a mortgage foreclosure proceeding, by which L. L. Davis was divested of his title to the land involved herein, showed that L. L. Davis, who was then insane, was not served with process in compliance with F.S. § 47.25, F.S.A., and therefore the foreclosure proceedings were void as to him for the reason that the court never acquired jurisdiction of him.
The narrow issue which we are called upon to decide is whether from the pleadings and exhibits attached thereto there was no genuine issue of material fact as to the invalidity of the service of process in the foreclosure proceeding and that the plaintiff-appellee was entitled to a final decree as a matter of law.
In this opinion we will limit ourselves to that issue.
L. L. Davis and Annie Davis, his wife, in 1936 executed a mortgage on the lands involved herein. At that time L. L. Davis apparently was competent. In 1940 he was adjudged non compos mentis and committed to the State Hospital for the insane. In 1943 the mortgagee instituted a suit to foreclose the mortgage. At this time, although still incompetent, L. L. Davis had been released from the State Hospital and was in the custody of his wife, Annie Davis. No guardian of the person or property had been appointed for L. L. Davis, and apparently none was appointed until 1955 when Georgia Olena Brown was so appointed. Whether she is the guardian of the property or person, or both, does not appear in the record before us.
Attached to the answer of one of the defendants is a certified copy of the sheriff’s return, showing service on L. L. *181 Davis and Annie Davis, which will be discussed more fully below. L. L. Davis did not appear in the suit.
A guardian ad litem was appointed for L. L. Davis on motion of the plaintiff-mortgagee. The guardian ad litem was not served with process, but he appeared voluntarily in the suit filing an answer in which he stated that he had been unable to discover any defense available to L. L. Davis.
The foreclosure proceedings were completed, Annie Davis, wife of L. L. Davis, buying in the property at the foreclosure sale. Annie Davis thereafter conveyed the property to the defendants or their predecessors in title.
We come now to the question of the sufficiency of the service of process in the foreclosure suit.
The abovementioned copy of the sheriff’s return, made on a printed form with only the names of the parties defendant and dates being added, reads as follows:
“Came to hand this 22nd day of April 1943, and executed same in Bay County, Florida by delivering a true copy of this summons in chancery to the within named defendant
L. L. Davis Anne Davis
with the words ‘Copy of Summons in Chancery’ written thereon, together with the name of complainant’s solicitor, and at the same time exhibiting the original of such summons to such defendant.”
Following the return is a statement of sherifF’s costs reading:
“To Service-$2.00
“To-Copy-$ .35
“To Return-$ .25
“To-Miles traveled-$2.00
“Total_$4.60”
Appellee, in her brief, contends that the sheriff’s return “ * * * shows that there are two defendants in the foreclosure case and that one or the other of them was served; it shows no service on any person in a representative capacity, but on the contrary it shows service on only one un-ascertainable person. The said return also shows sheriff’s cost for service on one person only.”
Appellants argue that the return shows full compliance with the second method of service prescribed in F.S. § 47.25, F.S.A., in that it shows that a copy of the summons was delivered to both L. L. Davis and Annie Davis. Appellants assert that since the guardian ad litem appeared voluntarily it was unnecessary to serve him.
Section 47.25, supra, which then and now prescribes the requirements for service of process on insane or incompetent persons, provides that the service may be made either:
“ * * * (1) by reading the writ or summons to be served to the insane or incompetent person to be served and also to the guardian or other person in whose care or custody such insane or incompetent person may be, (2) or by delivery of a copy thereof to such insane or incompetent person and to his guardian, or other person in whose care or custody such insane or incompetent person may be, and by further serving the writ or summons upon the guardian ad litem thereafter appointed by the court to represent said insane or incompetent person; provided, that service of process on the guardian ad litem may be dispensed with where such guardian ad litem voluntarily appears in any proceeding in which he may have been appointed to act as guardian ad litem for any insane or incompetent person.”
While it is true that the sheriffs return did not state that it served a copy of the summons on the defendants L. L. Davis and Anne Davis, severally, the plain import of the return is that this was done.
*182 The opinion of the Supreme Court of Florida in McMillon v. Harrison, 1913, 66 Fla. 200, 63 So. 427, 49 L.R.A.,N.S., 946, is in our opinion determinative of the effect of the return in this case insofar as its being sufficient to show that service was made severally on both defendants.
In the McMillon case, supra, the sheriff’s return stated that he had delivered a true copy of the summons to “T. J. Stuck and Henry McMillon the within named defendants.” It was argued that such return showed service on the two defendants jointly and not severally. The Supreme Court rejected this contention, holding the return sufficient saying:
“ * * * While the interpolation of the word ‘severally’ in the return might be more exact, we cannot expect our sheriffs to be grammarians of the ripest scholarship, nor did the old common law so require. The return in our opinion sufficiently shows that a copy of the summons was delivered to each of the defendants. * * *»
We have not ignored the plaintiff-appellee’s contention that the statement of the sheriff’s costs shows that only one copy of the summons was served, since the sheriff charged for only one copy. The McMillon case, supra, suggests that the sheriff’s costs bill may be ignored. It is not a part of the return. It is not presumed to be correct as is the return. Even if considered, it standing alone is not the clear and convincing evidence required to impeach the statements contained in the return itself.
A sheriff’s return is presumed to be valid. Clear and convincing evidence is required to overcome the statements contained in the return. McIntosh v. Wibbeler, Fla. 1958, 106 So.2d 195; Golden Gate Development Co. v. Ritchie, 1939, 140 Fla. 103, 191 So. 202; Barnes v. Willis, 1913, 65 Fla. 363, 61 So. 828.
Had Annie Davis not been a party defendant in her individual capacity in the foreclosure suit what we have said above would be sufficient to dispose of this suit, but in that case she was an individual defendant and also was the “person in whose care or custody such insane person”, i. e., L. L. Davis, was at the time service was made on him.
Because of this circumstance it is necessary to determine whether the service upon her as an individual defendant was sufficient under § 47.25, or whether it was necessary, in addition to service on her individually, to also serve a copy of the summons on her as the “person in whose-care or custody such insane * * * person” was.
The parties have cited no Florida cases, decisive of this point and we have found, none. However, an almost identical point was presented and decided in the case of Manhattan Sav. Bank v. Annunziato, 1945, 268 App.Div. 672, 53 N.Y.S.2d 272, 274.
In the last cited case, also a mortgage-foreclosure, the incompetent had been adjudged an incompetent and his wife appointed the committee (guardian) of his-property. In the foreclosure suit the incompetent and his wife were made co-defendants by reason of their interest in: the property.
The New York statute, Civil Practice Act, § 225 required personal service on the-incompetent and in addition that the committee also be served. The wife was served1 only one copy of summons as a co-defendant. She was not served in her capacity as committee of the property of the incompetent.
Against the contention that the service-was bad because the wife had not been-served with an additional copy of the summons and complaint as the committee of the property of the incompetent the court held that the service of the one copy on the wife as co-defendant was sufficient compliance with the statute, saying:
“If the object of the service of process in this 'case is not to make the *183 committee an actual party to the action but merely to give the committee notice of the pendency of the action so that the committee may defend as seems proper, there seems to he no reason why the failure to deliver a second copy of the summons and complaint should he treated as a substantial defect in jurisdiction. Had a second copy of the summons and complaint been delivered to Angelina Coggiano she would have received no additional information. The statute nowhere requires two copies of the summons and complaint to he delivered to a committee, who happens to be a party defendant, in her individual capacity.”
We think the basic reasoning in that case applies to the case now before us.
The real purpose of service of process is to give a defendant notice that a legal proceeding had been instituted against him and to afford him the opportunity to defend against it.
The “person in whose care or custody such insane * * * person may be” under § 47.25, insofar as we are able to determine, has neither authority nor responsibility to manage the incompetent’s property or to defend legal actions affecting his property. It follows that such person ■ does not occupy a representative capacity which would enable him or her to appear in a legal proceeding and defend it on behalf of the incompetent. Further, such person is not required to take any action on receipt of the summons and the incompetent apparently has no cause of action against the “custodian” if nothing is done . on behalf of the incompetent.
We are not therefore concerned with a situation in which a co-defendant is also made a party in a representative capacity in which case the party would have to be served in both capacities, and the return would have to reflect such. F.S. § 47.47, F.S.A.
This being the case the sole effect and purpose of service on the person having custody of the incompetent is to give such person notice of the action against the incompetent. It is not to make such person a party to the action.
When Annie Davis received a copy of the summons as codefendant she received notice of the action pending against L. L. Davis, the incompetent, and service of another copy upon her would have given her no additional information or notice. We conclude that the service of process on L. L. Davis was not defective by failure to serve an additional copy of the summons on Annie Davis.
While we have held that such is not required, it is obvious that by naming the custodian of an incompetent in the process and in having the sheriff’s return show service of process on the custodian, as “the guardian or other person in whose care or custody” the named incompetent may be, the question dealt with here would not arise and we recommend it be done in such cases.
From the foregoing it might appear that the requirement of service of process on an insane person affords him little protection. This might be true were i-t not for the fact that the courts are charged with the duty of caring for and protecting the interests of incompetents on the theory that they are wards of the court. F.S. § 744.12, F.S.A. requires that the court must appoint a guardian ad litem for an incompetent who is not otherwise represented in an action and the guardian ad litem is responsible for his conduct of such litigation in the same manner as a regularly qualified guardian. As above noted a guardian ad litem was appointed to represent the incompetent L. L. Davis in the foreclosure proceedings.
For the reasons above expressed it cannot be said as a matter of law on the record before the chancellor that in the *184 foreclosure suit the service of process on L. L. Davis was invalid.
Accordingly the decree appealed from is reversed for further proceedings in accordance with this opinion.
WIGGINTON, C. J., and STURGIS, J., concur.