HENDRY, Judge.
Plaintiff/appellant seeks review of the order denying its motion for entry of an order to validate service of process nunc pro *857 tunc. The undisputed factual and procedural history of the cause is recounted in the said motion, which recites in relevant part:
“1. The Court entered a Final Judgment of Foreclosure on October 6, 1977. Thereafter a public sale took place on November 14,1977 pursuant to said Final Judgment of Foreclosure and GEORGE J. TALIANOFF, As Trustee, was the successful bidder.
“2. GEORGE J. TALIANOFF, As Trustee, thereafter sold the subject property to ALEXANDER A. MACNAB and CYNTHIA L. MACNAB, his wife, by Warranty Deed. ALEXANDER A. MACNAB and CYNTHIA L. MACNAB, his wife, thereafter sold the subject property to GARTH C. REEVES, SR.
“3. American Title Insurance Company issued its Title Policy Commitment No. C374889 to the purchaser, GARTH C. REEVES, SR., and therein stated its objection to the service of process in the foreclosure action. Based upon its review of the foreclosure action American Title Insurance Company objected because of need ‘. . .for proper joinder and
service upon ASHANTI ENTERPRISES, INC., fee owner.’
“4. The Secretary of State reported PATRICIA HITCHMON as the Resident Agent and EDWARD DUFFIE as the President of ASHANTI ENTERPRISES, INC. A copy of the report of the Secretary of State is attached hereto as Petitioner’s Exhibit ‘A’.
“5. Your petitioner attempted to effect service upon PATRICIA HITCHMON at the address given in her capacity as the Resident Agent of the corporation. The Sheriff reported that he was unable to contact her and that he ‘believed avoiding service.’ A copy of the said Sheriff’s return is annexed hereto as Petitioner’s Exhibit ‘B’. Your petitioner then contacted EDWARD DUFFIE, Vice President of Capital Bank, that had financed JOHN HITCHMON, husband of PATRICIA HITCHMON, in the purchase of the subject property. He informed your petitioner that he was no longer President of
the corporation and that the President was JOHN HITCHMON.
“6. MANNY GELLER, Process Server, thereupon effected corporate service upon the corporation by serving JOHN HITCHMON as President on November 16, 1976. A copy of said proof of service is annexed hereto as Petitioner’s Exhibit ‘C’.
“7. Petitioner respectfully submits unto this Honorable Court that, based upon the facts hereinafter set forth, JOHN HITCHMON was the ‘head of the corporation’ and that service upon him was service upon the corporation, ASHANTI ENTERPRISES, INC., pursuant to Chapter 48.081, Florida Statutes. Said statute provides:
“ ‘48.081 Service on Corporations “(1) Process against any private corporation, domestic or foreign, may be served:
“(a) On the president or vice-president, or other head of the corporation
“From the time that the defendant entered into a contract of purchase with your petitioner, the said JOHN HITCH-MON personally handled all matters relating to the contract of purchase and sale, the closing of the transaction with his Attorney JOHN R. SQÜITERO of the law firm of Marx and Squitero, the operation of the building, the rental of space in the building, the payment of the mortgage payments to petitioner, the requests for additional time to make mortgage payments, and the payment of monies to petitioner when mortgage payment checks were dishonored.
“Petitioner further avers that JOHN HITCHMON personally handled all affairs relating to said mortgage and the subject premises and did it with the knowledge and approval of his wife, PATRICIA HITCHMON. When contacted by your petitioner concerning defalcations under the mortgage PATRICIA HITCHMON frequently stated to your petitioner that JOHN HITCHMON ‘. . . would take care of it.’ On *858 frequent occasions PATRICIA HITCH-MON came to petitioner’s office with funds that she said JOHN HITCHMON instructed her to pay in order to make good on dishonored checks.
Subsequently, during the incarceration of JOHN HITCHMON your petitioner’s contacts were with PATRICIA HITCHMON who informed petitioner that she was handling matters under the directions of and with the instructions of JOHN HITCHMON.
“8. Petitioner avers that at all times pertinent and material herein JOHN HITCHMON was the ‘head of the corporation’.
“WHEREFORE, the premises considered, your petitioner respectfully requests the entry of an Order nunc pro tunc to validate the service of process effected upon the Defendant, ASHANTI ENTERPRISES, INC., by personal service made upon JOHN HITCHMON on November 16, 1976 (Petitioner’s Exhibit ‘C’); that said service be amended to read ‘JOHN HITCHMON as head of said corporation’; and that wherever the record refers to JOHN HITCHMON as President of the corporation the same be amended so as to refer to him as head of the corporation.”
The trial court denied the motion and the subsequent motion for rehearing of the matter; we believe the trial court erred in its decision, and reverse. The defendant/appellee has shown at all stages of the proceedings that it has no interest to defend. A number of years has elapsed since it abandoned the subject premises after default in meeting its obligations under the mortgage. It has not challenged the subsequent possession of the premises by the plaintiff/appellant and two successor buyers. No appearance was made either in the foreclosure proceedings or in the proceedings leading to the orders appealed from— notwithstanding the fact that in the later proceedings service was made personally. Not only was service of process made on John Hitchmon, personally, but ordinary mail and certified mail were employed to serve the resident agent (Mrs. Hitchmon) and all the other officers and directors of the corporation. See Country Clubs of Sarasota, Ltd. v. Zaun Equipment, Inc., 350 So.2d 539 (Fla. 1st DCA 1977). [Personal service on corporation means personal service on its officers or agents.] Woodham v. Northwestern Steel & Wire Company, 390 F.2d 27 (5th Cir. 1968) [discusses the test for determining whether service upon agent is sufficient to constitute service upon the corporation.]; and National Organization Masters, Mates and Pilots of America v. Banks, 196 F.2d 428 (5th Cir. 1952), cert, denied, 344 U.S. 868, 73 S.Ct. Ill, 97 L.Ed. 673 (1952) [The pertinent statute at the time was numbered as Section 47.17, Florida Statutes; it contained language identical to the current Section 48.081.].
Accordingly, the order appealed is reversed.