436 So.2d 322 (1983)
Cesar H. CONDE and Marvin Diaz, M.D., P.A., Etc., et al., Appellants,
v.
PROFESSIONAL MEDIQUIP OF FLORIDA, INC., et al., Appellees.
No. 83-112.
District Court of Appeal of Florida, Fourth District.
August 10, 1983.
*323 Richard H. Gaunt, Jr., of Cibula, Gaunt & Pratt, West Palm Beach, for appellants.
Stuart L. Stein of Stuart L. Stein, P.A., Fort Lauderdale, for appellees Mediscience Technology Corp.
GLICKSTEIN, Judge.
Plaintiffs/appellants sued several defendants, including Mediscience Technology Corporation, a foreign corporation, for damages due to loss or conversion of a piece of medical equipment shipped for repair. Summons and complaint were served on the Florida Secretary of State as agent of the foreign corporation, who acknowledged in writing acceptance of service. Copies of the summons and complaint and of the Secretary's acknowledgment of the substituted service were sent to the corporation at its New Jersey address by certified mail, and receipt was returned as requested. Counsel for plaintiffs/appellants prepared an affidavit that substituted service had been effected in compliance with Section 48.161, Florida Statutes. However, the original summons had been lost or misplaced and counsel prepared an affidavit to that effect. Thereafter default judgment was timely entered against Mediscience. Two years later Mediscience successfully moved to set aside the final judgment, on the ground that Section 48.161(1), Florida Statutes, requires the Secretary of State's return of service, which, absent the original summons, had not been achieved.
Section 48.181, Florida Statutes (1981), authorizes use of substituted service when suing a foreign corporation, on claims arising out of its business, by serving process on the Secretary of State as its "appointed" agent. Section 48.161, Florida Statutes (1981), sets forth the method of substituted service on nonresidents. The two statutory sections are complementary and must be read in pari materia with each other. Atlas Van Lines, Inc. v. Rossmoore, 271 So.2d 31, 32 (Fla. 2d DCA 1972).
If the plaintiff chooses substituted service on the Secretary of State under Section 48.181(1), then perfection of such substituted service requires full compliance with one of the alternative methods provided by Section 48.161. Section 48.161 requires such substituted service be perfected and evidenced by either: (1) registered or certified mailing to the nonresident of both a notice of such substituted service and a copy of the process, evidenced by the filing of the nonresident's return receipt and an affidavit of compliance by plaintiff or his attorney; or, (2) an appropriate officer's return showing service on the nonresident within or without this state.
P.S.R. Associates v. Artcraft-Heath, 364 So.2d 855, 857-58 (Fla. 2d DCA 1978). Section 48.161 further requires the public officer authorized to receive substituted service  i.e., the Secretary of State  to maintain a record of all process served on him, showing the hour and day of service.
The object of service of process is to give defendant notice that a legal proceeding has been instituted, and an opportunity to defend against it. E.g., Mitchell v. Brown, 114 So.2d 178, 183 (Fla. 1st DCA 1959). Appellee Mediscience has not denied receipt of such notice, nor has it by clear and convincing evidence demonstrated the invalidity of the service. Travelers Insurance Company v. Davis, 371 So.2d 702, 703, 704 (Fla. 3d DCA 1970). Plaintiffs' attorney filed an affidavit to the effect that a copy of the summons and complaint and a copy of the Secretary of State's acknowledgment of service upon him had been mailed to and received by Mediscience at its New Jersey address. A return receipt accompanied this affidavit. Thus, the trial court had satisfactory proof that prong one *324 of the Section 48.161 procedure, service on the Secretary of State, and alternative (1) of prong two, certified mailing to defendant, were accomplished. Contrary to the reading given Section 48.161 by appellee and the trial court, the statute does not demand return of service by the Secretary of State. The trial court accordingly timely knew it had acquired jurisdiction of appellee/defendant's person. See Klosenski v. Flaherty, 116 So.2d 767, 768 (Fla. 1960).
The order setting aside final judgment is reversed.
LETTS and DELL, JJ., concur.