498 So.2d 444 (1986)
AMERICAN HOSPITAL OF MIAMI, INC., Appellant,
v.
H. Richard NATEMAN, M.D.; Baptist Hospital of Miami, Inc.; Thomas Valdes, M.D.; and Hartford Casualty Insurance Company, Appellees.
No. 86-685.
District Court of Appeal of Florida, Third District.
July 15, 1986.
*445 Richard L. Zapf, Coral Gables, for appellant.
Brumer, Cohen, Logan & Kandell, Cooper, Wolfe & Bolotin and Joan M. Bolotin, Miami, for appellees.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
American Hospital of Miami, Inc. (American) appeals from an order denying its motion to quash process and ordering it to answer a third-party complaint served upon its resident agent. The issue, says American, is whether it was improperly summoned and, thus, should not have been required to respond until this defect was cured.
Immediately below the printed directions to the Sheriff,
"YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:"
there was typed on the civil action summons the words
 "JOHN MUDD
 11880 Bird Road, Suite 101
 Miami, Florida
"As Resident Agent for AMERICAN HOSPITAL OF MIAMI, INC." The third-party complaint that accompanied the summons named American, not John Mudd, as the defendant.
American has never contended that John Mudd was not its resident agent; that it did not receive notice of Dr. Nateman's claim against it; that it did not receive an adequate opportunity to be heard; or that it was in any way prejudiced or misled by the summons. American opts, instead, for form over substance, enchanted by an otherwise unsupported Trawickian tip:
"The body of the process tells the sheriff to serve the named defendant, tells the defendant what he must do or suffer a default and the time within which it must be done. The time deadline is called the return date. Many lawyers put the name of the officer of the organization to be served or of the registered agent in the process, sometimes followed by a comma, and then the name of the defending party. This mis-names the defending party and designates the officer or agent as the party to be served. The process is subject to a motion to quash because the misnomer creates a repugnancy on the face of the summons. The organization's name only should be inserted... ."
H.P. Trawick, Florida Practice and Procedure, § 8-3, p. 99 (1984 ed.) (emphasis supplied).
We reject American's claim that this hypertechnical defect in the summons required the trial court to quash the service. The purpose of service of process is to give a defendant proper notice that it is answerable to a plaintiff's claim, to advise the defendant of the nature of that claim, and to afford the defendant an opportunity to defend against it. Klosenski v. Flaherty, 116 So.2d 767 (Fla. 1959); Conde v. Professional Mediquip of Florida, Inc., 436 So.2d 322 (Fla. 4th DCA 1983); H. Bell & Associates v. Keasbey & Mattison Co., 140 So.2d 125 (Fla. 3d DCA 1962). Since it is undisputed that American received the summons, serving its agent was quite obviously sufficient. See H. Bell & Associates v. Keasbey & Mattison Co., 140 So.2d 125. Indeed, this court and others have dispositively held that service on a resident agent or on the head of a corporation as resident agent or as head of a corporation is service on the corporation. Talianoff v. Ashanti Enterprises, 382 So.2d 856 (Fla. 3d DCA 1980) (service on corporate president as head of corporation was service on corporation); Evershield Products, Inc. v. Sapp, 195 So.2d 10 (Fla.2d DCA) (service on "George Skadding, President of said corporation" was service on corporation), appeal dismissed, 204 So.2d 209 (Fla. 1967), cert. *446 denied, 390 U.S. 956, 88 S.Ct. 1052, 19 L.Ed.2d 1150 (1968). In Florida, a technical variance between the summons and the complaint which does not result in prejudice to the defendant does not serve to invalidate the service.[1]See Walker Fertilizer Co. v. Race, 123 Fla. 84, 166 So. 283 (1936). Accord Goldberg v. Weiner, 480 F.2d 1067 (9th Cir.1973); Berhalter v. Irmisch, 75 F.R.D. 539 (W.D.N.Y. 1977); SCM Corp. v. Brother International Corp., 316 F. Supp. 1328 (S.D.N.Y. 1970); Lumbermens Mutual Casualty Co. v. Borden Co., 268 F. Supp. 303 (S.D.N.Y. 1967). Thus, the trial court did not abuse its discretion in ruling that service on American's resident agent, though containing this technical deficiency, did not result in deprivation of notice and was sufficient to preclude invalidation of otherwise adequate service of process. Its determination is, accordingly, upheld.
Affirmed.
NOTES
[1] The Texas cases on which American relies, see Dan Edge Motors, Inc. v. Scott, 657 S.W.2d 822 (Tex.Civ.App. 1983), and Stafford Constr. Co., v. Martin, 531 S.W.2d 667 (Tex.Civ.App. 1975), are inapposite. First, as was pointed out in McMillon v. Harrison, 66 Fla. 200, 63 So. 427 (1913), Texas cases invalidating judgments because of technical defects in the return of service have become so entrenched in that state "as to compel the courts to treat as waste paper judgments founded upon such returns." Id. at 203, 63 So. at 427. Florida courts are not so bound. Id. at 203, 63 So. at 427. See Walker Fertilizer Co. v. Race, 123 Fla. 84, 166 So. 283 (1936). Second, the Texas cases relied on are post-default judgment cases in which a defendant has never been afforded the opportunity to contest sufficiency of service. Here, in contrast, American, technically improperly named in service of process, but admittedly afforded adequate notice of the claim against it, has had a full and fair opportunity to contest the alleged insufficiency in process prior to being required to file an answer. Finally, the applicable Florida rule of procedure, unlike the applicable Texas rule, does not void process because of variation from forms of service which are otherwise sufficient.