STONE, Judge.
We affirm an order of the trial court denying appellant’s motion to quash service of process upon a foreign corporation. The process was served in England, pursuant to the long arm statute, section 48.194, Florida Statutes.
There was evidence before the court, principally in the form of an affidavit of service, that the process server, Mark Bishop, an “articled clerk,” serving an apprentice in a law firm, went to the business premises of the appellant and presented the documents to its chief executive who specifically instructed Bishop that the documents should be directed to another individual. This was done as requested. There is no indication that Bishop was not a proper person to serve process. We find no abuse of discretion. The appellant’s attack is as to the form of the affidavit, and not to the fact of delivery or notice. The record does not contain the convincing evidence that is required in order to overturn the presumption of valid service. See, e.g., Magazine v. Bedoya, 475 So.2d 1035 (Fla. 3d DCA 1985). The appellant was served and was on notice of the suit when the papers were handed to its chief executive officer.
Appellant asserts that the affidavit was defective in that it was not notarized. However the “Affidavit of Service” indicates that it was sworn to and either notarized, or its equivalent. It states on the first page:
I, MARK BISHOP, ... MAKE OATH AND SAY AS FOLLOWS:—
The last page of the affidavit states:
Sworn at 31-33 Friar Lane
In the City of Leicester in England
This 24th Day of February 1988
BEFORE ME:—
Karen L. Taylor

Solicitor/Commissioner for Oaths Officer of the Court empowered to administer Oaths.

It was signed by Bishop and the individual taking the oath.
The trial court was not precluded from concluding, in the absence of evidence to the contrary, that there was satisfactory *315 proof of service. Cf. Conde v. Professional Mediquip of Florida, Inc., 436 So.2d 322 (Fla. 4th DCA 1983); Travelers Insurance Company v. Davis, 371 So.2d 702 (Fla. 3d DCA 1979).
We find appellant’s other arguments, as to the time of service, to be without merit.
Therefore, the order under review is affirmed.
HERSEY, C.J., concurs.
DOWNEY, J., dissents with opinion.