GARRETT, Judge.
Appellant appeals a “Final Order” entered by appellee, Department of Health and Rehabilitative Services (HRS).
After appellant allegedly refused to allow two inspections of its business premises, HRS filed an “Administrative Complaint” seeking a total fine of $10,000 for violations of section 499.005(6), Florida *1305 Statutes (1987) and rule 10D-45.0545, Florida Administrative Code (1987). Such “complaint” named “Donna Pinorsky Roth-blatt Administrator Arthritis Medical Center” as the only respondent.
At the onset of the administrative formal hearing, appellant orally objected to any proceeding against “a corporation known as Arthritis Medical Center, Inc.,”’ since it was not named as a respondent. Thereupon the hearing officer granted HRS’ oral motion “to have ‘Inc.’ added to the respondent’s name.”
Appellant then orally objected to the proceedings since it had never been served. The hearing officer’s only response was, “should there be administrative sanction or a fine imposed, then it would be against the corporation not against Ms. Pinorsky [Rothblatt] personally.”
The hearing continued. The “Recommended Order” found appellant guilty as alleged and imposed a total fine of $10,000. After administrative review, the “Final Order” issued upholding the hearing officer.
We reverse. A defendant is entitled to personal service of original process before an administrative board acquires personal jurisdiction. See Keating v. State, 173 So.2d 673 (Fla.1965); Hime v. Florida Real Estate Commission, 61 So.2d 182 (Fla.1952). An administrative board has no jurisdiction to enter a final order on an amended complaint not properly served. Id. Service of process in any kind of action is technical, is the gist of due process and is fundamental to a fair trial. Valdosta Milling Co. v. Garretson, 54 So.2d 196,197 (Fla.1951). Every administrative pleading and paper must be served on a party. A respondent has twenty days from service of the petition to file motions in opposition, including a motion to dismiss, and an answer containing any available affirmative defense. During a hearing, oral motions are permitted. Fla.Admin.Code Rule 28-5.-109, 203, 204, and 205.
We distinguish American Hosp. of Miami, Inc. v. Nateman, 498 So.2d 444 (Fla. 3d DCA), rev. denied, 500 So.2d 543 (Fla.1986). There an individual was served as resident agent. The hospital received the complaint without any prejudice shown. The court upheld the denial of a motion to quash heard in an early stage of the litigation.
HRS designated Ms. Pinorsky Roth-blatt as the defending party when naming her as the respondent. The “complaint” listed her as administrator but not as registered agent (although the mailing certification indicated a true copy was sent to her as “registered agent”). The “Request for Formal Hearing” and “Answer” were filed in her name as administrator of appellant. On the day of the hearing, the hearing officer granted the motion to designate appellant as the sole respondent and denied appellant’s motion to dismiss. Appellant never got the opportunity to file its answer. We note appellant’s “Respondent’s Exceptions to Recommended Order” sets forth numerous defenses not raised by Ms. Pinorsky Rothblatt’s “Answer.”
On route to due process, once the wheels of justice are put in motion, no one should be unnecessarily forced to swerve by a sudden shift in the procedural rules of the road.
REVERSED AND REMANDED WITH DIRECTIONS FOR A NEW FORMAL HEARING.
DELL and POLEN, JJ., concur.